T.C. Memo. 2006-53

UNITED STATES TAX COURT

FELIX AND LILIANA P. PRAKASAM, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

FELIX PRAKASAM, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 12136-04L, 12212-04L.   Filed March 23, 2006.

<u>William E. Windham</u>, for petitioners.

<u>Alan J. Tomsic</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  These consolidated cases are before the
Court on respondent's motions to dismiss for lack of jurisdiction

and petitioner's motion for partial summary judgment.[1]
Petitioners filed a petition in response to respondent's Decision
Letters Concerning Equivalent Hearing under Section 6320 and/or
6330 of the Internal Revenue Code (Decision Letters).[2]  The issue
for decision is whether the Court lacks jurisdiction under
sections 6320 and 6330 with regard to the years in issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.
The stipulation of facts and the attached exhibits are
incorporated herein by this reference.  At the time they filed
the petition, petitioners resided in Loma Linda, California.

I.  1995

On July 12, 1999, respondent sent petitioner a notice of
deficiency addressed to petitioner at his last known address,
P.O. Box 1659, Loma Linda, CA 92354-1659, determining petitioner
owed an income tax deficiency of $269,251 and a penalty under
section 6662(a) in the amount of $53,850.20 for the 1995 tax
year.  Petitioner did not respond to the notice of deficiency by
petitioning the Tax Court within 90 days from July 12, 1999.

On November 2, 2000, respondent filed a Notice of Federal
Tax Lien with respect to petitioner concerning the 1995 tax year.

---

[1]  When we refer to petitioner in the singular, we are
referring to petitioner Felix Prakasam.

[2]  Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended.

On November 7, 2000, respondent sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioner did not timely request a hearing with respect to this notice.

## II.  1996

On September 29, 2000, respondent sent petitioners a notice of deficiency addressed to petitioners at their last known address, P.O. Box 1659, Loma Linda, CA 92354-1659, determining petitioners owed an income tax deficiency of $468,849 and a penalty under section 6662(a) in the amount of $93,770 for the taxable year 1996.

Petitioners did not respond to the notice of deficiency by petitioning the Tax Court within 90 days from September 29, 2000.

On April 19, 2002, respondent filed a Notice of Federal Tax Lien with respect to petitioners concerning the 1996 tax year. On April 24, 2002, respondent issued to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 with respect to the 1996 tax year. Petitioners did not timely request a hearing in response to the April 24, 2002, notice.

## III.  1995 and 1996

On November 6, 2003, respondent issued a Notice of Federal Tax Lien Filing-Nominee, Transferee or Alter-Ego (Nominee Lien) to Renaissance Health Systems LLC (Renaissance) in connection

with the 1995 and 1996 tax liabilities of petitioners.  On
November 6, 2003, respondent also issued a Notice of Federal Tax
Lien Filing and Your Right to a Hearing Under IRC 6320 to
petitioners in connection with the 1995 and 1996 tax liabilities.

On or about December 5, 2003, Renaissance Health Systems LLC
(Nominee, Transferee, or Alter-Ego, Felix K. Prakasam)[3] submitted
a Form 12153, Request for a Collection Due Process Hearing,
setting forth disagreement with the filed Notice of Federal Tax
Lien.  On February 25, 2004, the Appeals Office held a hearing
with petitioners' representatives.

On June 9, 2004, respondent issued a Decision Letter
Concerning Equivalent Hearing under Section 6320 and/or 6330 of
the Internal Revenue Code (Decision Letter I) to petitioner for
tax year 1995.  On July 8, 2004, petitioners mailed a petition
to this Court setting forth their disagreement with Decision
Letter I.

On June 18, 2004, respondent issued a Decision Letter
Concerning Equivalent Hearing under Section 6320 and/or 6330 of
the Internal Revenue Code (Decision Letter II) to petitioners for
tax year 1996.  On July 12, 2004, petitioners filed a petition
with this Court setting forth their disagreement with Decision
Letter II.

---

[3]  In light of our resolution of the case, we need not
address respondent's argument that this entity had no rights to
its own collection hearing or equivalent hearing.

Decision Letters I and II both stated in part: "Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330."

Petitioner filed a motion for partial summary judgment as to tax year 1995. Respondent filed an objection to petitioner's motion for partial summary judgment as to tax year 1995.

Respondent filed a motion to dismiss for lack of jurisdiction in both of these consolidated cases. Petitioners filed objections to respondent's motions to dismiss. In docket No. 12212-04L, respondent filed first and second supplements to the motion to dismiss for lack of jurisdiction. In docket No. 12136-04L, respondent filed a supplement to the motion to dismiss for lack of jurisdiction. Petitioners filed a supplemental objection to each motion to dismiss.

The Court held a hearing on petitioner's motion for partial summary judgment and respondent's motions to dismiss for lack of jurisdiction.

                              OPINION

The parties dispute whether petitioners are entitled to a collection hearing. Respondent argues that this Court should dismiss the case for lack of jurisdiction as petitioners did not

file a timely hearing request in response to the first Notice of Federal Tax Lien filed for tax year 1995 or 1996. Petitioners argue that they did not receive the November 7, 2000, or the April 24, 2002, notices, that the first notice regarding their 1995 and 1996 liabilities that they received was in November 2003, and they requested a hearing in response to that notice.

I.  Last Known Address

Sections 6320(a) and 6330(a) provide in pertinent part that the Secretary shall notify a person in writing of his or her right to an Appeals Office hearing regarding the Secretary's filing of a notice of lien under section 6323 or the Secretary's intent to levy, respectively, by mailing the notice required by section 6320(a) or section 6330(a), as the case may be, by certified or registered mail to such person at his or her last known address. The regulations under sections 6320 and 6330 reference section 301.6212-2, Proced. & Admin. Regs., to define "last known address". Secs. 301.6320-1(a)(1), 301.6330-1(a)(1), Proced. & Admin. Regs. Under section 6212, in general, the Commissioner is entitled to treat the address on a taxpayer's most recent tax return as the taxpayer's last known address, unless the taxpayer has given "clear and concise notification of a different address." Orum v. Commissioner, 123 T.C. 1, 8 (2004), affd. 412 F.3d 819 (7th Cir. 2005).

Petitioners' Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 1995 and 1996, indicate that the notices of Federal tax liens were filed in November 2000, and April 2002, respectively. The Forms 4340 are sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made. Orum v. Commissioner, supra. Further, respondent submitted copies of these notices, listing a certified mail number, the letter dates, and the date of filing.

We also note that the address on the copies of the notices is "P.O. Box 1659, Loma Linda, CA 92354-1659." This is the address the petitioners listed on their 1995 and 1996 tax returns, and petitioner testified that he has been receiving mail at this address since 1995. On the basis of the record, we find that the address used for the November 7, 2000, and April 24, 2002, notices was petitioners' last known address.

The only evidence that petitioners presented is petitioner's testimony that they did not receive the notices. The Court need not accept at face value a witness's testimony that is self-interested or otherwise questionable. See Archer v. Commissioner, 227 F.2d 270, 273 (5th Cir. 1955), affg. a Memorandum Opinion of this Court; Weiss v. Commissioner, 221 F.2d 152, 156 (8th Cir. 1955), affg. T.C. Memo. 1954-51; Schroeder v. Commissioner, T.C. Memo. 1986-467. Furthermore, petitioner

testified that he received a notice from respondent prior to the November 6, 2003, notices, but he did not recall the nature of that notice.

## II.  Collection Hearing

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323.  Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period.

Section 6320(b)(2) states that a taxpayer shall be entitled to only one hearing with respect to the taxable period to which the unpaid tax relates.  Taxpayers are entitled to this hearing only if they request administrative review of the matter within the 30-day period following the receipt of the first notice of lien with regard to the unpaid tax.  Sec. 301.6320-1(b)(2), Q&A-B4, Proced. & Admin. Regs.;[4] see also Orum v. Commissioner, supra

---

[4]  Sec. 301.6320-1(b)(2), Q&A-B4, Proced. & Admin. Regs., states:

Q-B4. If the IRS sends a second CDP Notice under section 6320 (other than a substitute CDP Notice) for a tax period and with respect to an unpaid tax for which a section 6320 CDP Notice was previously sent, is the taxpayer entitled to a section 6320 CDP hearing based on the second CDP Notice?

A-B4.  No.  The taxpayer is entitled to a CDP hearing under section 6320 for each tax period only with respect to the first

(continued...)

(reaching the same conclusion in a levy case).  Congress further specified in the conference report for the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, that the right to a hearing "applies only after the first Notice of Lien with regard to each tax liability is filed."  H. Conf. Rept. 105-599, at 265 (1998), 1998-3 C.B. 747, 1019.

On November 7, 2000, and April 24, 2002, respondent sent petitioners notices of Federal tax liens at their last known address.  Petitioners did not request a hearing within the 30-day filing period required by section 6320(a)(3).

Under the circumstances, respondent was not obliged to conduct a collection hearing pursuant to sections 6320 and 6330. Orum v. Commissioner, supra at 11.  In place of the collection hearing, the Appeals Office granted petitioners an equivalent hearing for 1995 and 1996.  Thereafter, the Appeals Office issued decision letters to petitioners stating that the proposed collection actions were sustained.  The decision letters do not constitute notices of determination under sections 6320(c) and 6330(d)(1), which would provide a basis for petitioners to invoke the Court's jurisdiction for 1995 and 1996.  See Moorhous v.

---

[4](...continued)
filing of a NFTL on or after January 19, 1999, with respect to an unpaid tax.

Commissioner, 116 T.C. 263, 270 (2001); Kennedy v. Commissioner, 116 T.C. 255, 263 (2001).

In discussing whether the decision letters in this case constitute a determination, the parties address Craig v. Commissioner, 119 T.C. 252 (2002). We differentiated Craig v. Commissioner, supra, in Orum v. Commissioner, supra at 11-12, a case similar to the instant case, by stating:

> This case is distinguishable from Craig v. Commissioner, 119 T.C. 252 (2002), in which we held that we had jurisdiction under section 6330(d)(1) when the Appeals Office issued a decision letter to the taxpayer. Id. at 259. In Craig, the Commissioner mailed to the taxpayer a notice of intent to levy on February 22, 2001. Id. at 254. On March 17, 2001, the taxpayer timely requested a section 6330 hearing by mailing the Commissioner a letter accompanied by unsigned Forms 12153. Id. at 255. On May 6, 2001, the Commissioner received signed Forms 12153 but granted the taxpayer only an equivalent hearing. Id. at 255-256. A decision letter was then issued to the taxpayer following the equivalent hearing. Id. at 256. The Court held that "where Appeals issued the decision letter to petitioner in response to his timely request for a Hearing, we conclude that the 'decision' reflected in the decision letter issued to petitioner is a 'determination' for purposes of section 6330(d)(1)." Id. at 259.

In the instant case, as in Orum v. Commissioner, supra, petitioners did not timely request a collection hearing in response to the November 7, 2000, and April 24, 2002, notices. As a result, we do not conclude that the decisions in the decision letters are determinations for purposes of sections 6320(c) and 6330(d)(1). Orum v. Commissioner, supra at 12.

We shall grant respondent's motions to dismiss for lack of jurisdiction as to 1995 and 1996 because the petitions were not filed in response to notices of determination sufficient to confer jurisdiction on the Court under sections 6320(c) and 6330(d)(1).

To reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction will be entered in docket No. 12136-04L.

An appropriate order and order of dismissal for lack of jurisdiction will be entered in docket No. 12212-04L.