126 T.C. No. 7


UNITED STATES TAX COURT



INVESTMENT RESEARCH ASSOCIATES, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 16410-05L.          Filed April 18, 2006.



     R filed a Federal tax lien in Florida (Florida
lien) and mailed to P a Notice of Federal Tax Lien
Filing and Your Right to a Hearing Under IRC 6320 (lien
notice) regarding P's unpaid taxes for 1980, 1982,
1984, 1985, 1986, 1987, 1988, 1989, and 1997 (the years
in dispute).  P did not submit to R a request for an
administrative hearing with regard to the Florida lien.
Three months later, R filed a Federal tax lien in
Illinois (Illinois lien) and mailed to P a second lien
notice for the years in dispute.  P submitted to R's
Office of Appeals a request for an administrative
hearing regarding the Illinois lien.  Relying on sec.
301.6320-1(b)(1) and (2), Proced. & Admin. Regs., R's
Office of Appeals determined that P's request for an
administrative hearing was not timely because P failed
to request an administrative hearing in response to the
earlier Florida lien.  The Office of Appeals conducted
a so-called equivalent hearing and mailed to petitioner
a decision letter.  P filed a petition with the Court
challenging R's decision letter.

Held: Sec. 301.6320-1(b)(1) and (2), Proced. & Admin. Regs., is a reasonable interpretation of sec. 6320, I.R.C., and is valid and controlling in this case. Held, further, P failed to timely request an administrative hearing with regard to the Florida lien, and, therefore, the Office of Appeals was not required to conduct an administrative hearing under sec. 6320, I.R.C. Held, further, The decision letter in dispute does not constitute a notice of determination which would permit P to invoke the Court's jurisdiction under secs. 6320 and 6330, I.R.C., and this case shall be dismissed for lack of jurisdiction.

Robert E. McKenzie and Kathleen M. Lach, for petitioner.

Sean Robert Gannon and Kathleen C. Schlenzig, for respondent.

OPINION

HAINES, Judge: The question presented in this collection review case is whether the Court has jurisdiction under sections 6320 and 6330 to review the Decision Letter Concerning Equivalent Hearing (decision letter) upon which the petition for lien or levy action is based.[1] As discussed in detail below, we conclude that petitioner failed to timely request an administrative hearing, and, therefore, the decision letter in dispute does not constitute a notice of determination which would permit petitioner to invoke this Court's jurisdiction under sections 6320 and 6330. Consequently, we are obliged to dismiss this case

_____

[1] Section references are to sections of the Internal Revenue Code, as amended.

for lack of jurisdiction.

## Background

In <u>Inv. Research Associates, Ltd. v. Commissioner</u>, T.C. Memo. 1999-407, a Memorandum Opinion filed in 28 consolidated dockets, the Court held, inter alia, that Investment Research Associates, Inc. (petitioner) was liable for deficiencies, additions to tax, and an accuracy-related penalty for the years 1980 and 1982 to 1989.[2] The Court entered decisions in petitioner's deficiency cases in September 2001. Petitioner did not appeal the Court's decisions in its deficiency cases and those decisions are now final. Secs. 7481(a)(1), 7483.[3] In February 2002, respondent assessed the deficiencies, additions to tax, and accuracy-related penalty described above, as well as interest.

On October 28, 2002, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 with regard to petitioner's unpaid taxes for 1980, 1982, 1984, 1985, 1986, 1987, 1988, 1989, and 1997 (hereinafter

---

[2] Investment Research Associates, Inc., filed petitions for redetermination with the Court at docket Nos. 43966-85, 45273-86, 30830-88, 27444-89, 25875-90, 23178-91, 19314-92, and 25976-93.

[3] In accordance with the Supreme Court's decision in <u>Ballard v. Commissioner</u>, 544 U.S. 40, __, 125 S. Ct. 1270, 1285 (2005), the Court's Memorandum Opinion in <u>Inv. Research Associates, Ltd. v. Commissioner</u>, T.C. Memo. 1999-407, recently was deemed stricken with regard to taxpayers other than petitioner.

the years in dispute).  On October 30, 2002, respondent filed a Notice of Federal Tax Lien with the secretary of state for the State of Florida (the Florida lien) with regard to petitioner's unpaid taxes for the years in dispute.  Petitioner did not submit to respondent a request for an administrative hearing with regard to the Florida lien.

On February 24, 2003, respondent filed a Notice of Federal Tax Lien with the secretary of state for the State of Illinois (the Illinois lien) with regard to petitioner's unpaid taxes for the years in dispute.  On February 24, 2003, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 with regard to petitioner's unpaid taxes for the years in dispute.  On March 25, 2003, petitioner submitted to respondent's Office of Appeals (Appeals Office) a request for an administrative hearing under section 6320.

The Appeals Office determined that petitioner's request for an administrative hearing was not timely and conducted a so-called equivalent hearing.  Sec. 301.6320-1(i), Proced. & Admin. Regs.  On August 4, 2005, respondent mailed to petitioner a decision letter for the years in dispute.  The decision letter stated in pertinent part:

> Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330.

The decision letter stated that the Appeals Office rejected petitioner's offer-in-compromise and that the liens were properly filed and would not be released.

On September 2, 2005, petitioner filed with the Court a petition for lien or levy action challenging respondent's decision letter. Petitioner acknowledged in its petition that respondent filed the Florida lien in October 2002 and that respondent issued to petitioner a Notice of Federal Tax Lien Filing at that time. The petition states that petitioner did not submit to respondent a request for an administrative hearing after receiving notice of the Florida lien because petitioner did not own significant assets in the State of Florida.

The Court issued an order in this case directing the parties to show cause why this case should not be dismissed for lack of jurisdiction. Both parties filed responses to the Court's order. The Court subsequently directed respondent to file a reply to petitioner's response, and respondent complied with the Court's order.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person liable for tax when a demand for the payment of the person's taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the

Secretary to file a notice of Federal tax lien if the lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003). Section 6323(f)(1), which addresses the place for filing a notice of Federal tax lien, provides that the Commissioner is required to file separate liens if a taxpayer owns real property in more than one State, and the Commissioner may be required to file separate liens in different counties or other governmental subdivisions within a State, as designated by the laws of that State.

Sections 6320 (pertaining to liens) and 6330 (pertaining to levies) provide protections for taxpayers in tax collection matters. In general terms, sections 6320 and 6330 provide for notice and the right to an administrative hearing and judicial review when the Commissioner files a Federal tax lien or proposes to collect unpaid taxes by levy.

A. Notice Requirements

Section 6320(a)(1) provides that "The Secretary shall notify in writing the person described in section 6321 of the filing of a notice of lien under section 6323." Section 6320(a)(2) sets forth the time and methods under which the Commissioner is required to provide the notice described in section 6320(a)(1). The flush language of section 6320(a)(2) provides that the notice

required by section 6320(a)(1) is to be provided not more than 5 business days after the day of the filing of the notice of lien. Section 6320(a)(3) describes the information required to be included in the notice described in section 6320(a)(1). Section 6320(a)(3)(B) provides that the notice shall include "the right of the person to request a hearing during the 30-day period beginning on the day after the 5-day period described in paragraph (2)."

B. <u>Right to an Administrative Hearing</u>

Section 6320(b)(1) provides that a person requesting a hearing under subsection (a)(3)(B) is entitled to a hearing in respondent's Appeals Office. Section 6320(b)(2) imposes a qualification on subsection (b)(1) by providing that "A person shall be entitled to only one hearing under this section with respect to the taxable period to which the unpaid tax specified in subsection (a)(3)(A) relates." Section 6320(c) provides that an Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

C. <u>Judicial Review and Tax Court Jurisdiction</u>

When the Appeals Office issues a notice of determination to a taxpayer following an administrative hearing regarding a lien or levy action, sections 6320(c) (by way of cross-reference) and 6330(d)(1) provide that the taxpayer will have 30 days following the issuance of a notice of determination to file a petition for

review with the Tax Court or Federal District Court, as may be appropriate. See Orum v. Commissioner, 123 T.C. 1, 7-8 (2004), affd. 412 F.3d 819 (7th Cir. 2005); Kennedy v. Commissioner, 116 T.C. 255, 260 (2001).

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). It is well settled that the Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review. Sec. 6330(d)(1); Prevo v. Commissioner, 123 T.C. 326, 328 (2004); Orum v. Commissioner, supra. Respondent's issuance of a decision letter (as opposed to a notice of determination) is not conclusive with respect to the question of whether the Court has jurisdiction in this case.

D. The Parties' Positions

1. Respondent

Relying on section 301.6320-1(b)(1) and (2), Proced. & Admin. Regs., respondent asserts that, because petitioner failed to submit to respondent a request for an administrative hearing in respect of the Florida lien filed in October 2002, the Appeals Office was not obliged to provide petitioner with an administrative hearing under section 6320 in response to petitioner's challenge to the Illinois lien filed in February

2003. Section 301.6320-1(b)(1), Proced. & Admin. Regs., provides in pertinent part that "A taxpayer is entitled to one CDP [collection due process] hearing with respect to the first filing of a NFTL (on or after January 19, 1999) for a given tax period or periods with respect to the unpaid tax shown on the NFTL if the taxpayer timely requests such a hearing." Section 301.6320-1(b)(2), Q&A-B1, Proced. & Admin. Regs., states:

> Q-B1. Is a taxpayer entitled to a CDP hearing with respect to the filing of a NFTL for a type of tax and tax periods previously subject to a CDP Notice with respect to a NFTL filed in a different location on or after January 19, 1999?
>
> A-B1. No. Although the taxpayer will receive notice of each filing of a NFTL, under section 6320(b)(2), the taxpayer is entitled to only one CDP hearing under section 6320 for the type of tax and tax periods with respect to the first filing of a NFTL that occurs on or after January 19, 1999, with respect to that unpaid tax. Accordingly, if the taxpayer does not timely request a CDP hearing with respect to the first filing of a NFTL on or after January 19, 1999, for a given tax period or periods with respect to an unpaid tax, the taxpayer forgoes the right to a CDP hearing with Appeals and judicial review of the Appeals' determination with respect to the NFTL. Under such circumstances, the taxpayer may request an equivalent hearing as described in paragraph (i) of this section.

Thus, respondent avers that the Court lacks jurisdiction in this case on the ground the decision letter in dispute does not constitute a notice of determination that would permit petitioner to invoke the Court's jurisdiction under sections 6320 and 6330.

2. Petitioner

Petitioner argues that section 301.6320-1(b)(1) and (2), Proced. & Admin. Regs., is not a reasonable interpretation of section 6320 and is invalid. Specifically, petitioner argues that, although section 6320(b)(2) expressly limits a taxpayer to one hearing for a particular taxable period, section 6320 does not contain any language requiring a taxpayer to request an administrative hearing with respect to the first notice of Federal tax lien filed by the Commissioner. As petitioner sees it, if the Commissioner files multiple liens in different States or governmental subdivisions at different times, the taxpayer may request an administrative hearing with regard to any one of those liens, so long as his or her request is made within the time limit imposed under section 6320(a)(3)(B). Petitioner contends that it is manifestly unreasonable to interpret section 6320 to require a taxpayer to challenge a Federal tax lien that is filed in a jurisdiction in which the taxpayer has little, if any, property. Asserting that it timely filed its request for an administrative hearing with regard to the Illinois lien, petitioner maintains that the Court has jurisdiction in this case on the ground the decision letter in dispute should be considered a notice of determination consistent with the Court's holding in Craig v. Commissioner, 119 T.C. 252 (2002).

E.  Analysis

Section 6320(a)(1) requires the Commissioner to give written notice to a taxpayer when a Federal tax lien is filed under section 6323.  Given that section 6323(f)(1) contemplates the filing of separate liens in multiple States, or in multiple counties or other governmental subdivisions within a State, it follows that a taxpayer (like petitioner in the present case) may receive multiple lien notices under section 6320(a)(1).  Although a person may receive multiple lien notices under section 6320(a)(1), section 6320(b)(2) clearly states that the person is entitled to only one administrative hearing under section 6320 with respect to the unpaid tax for a particular taxable period for which a lien was filed.  The statute does not, however, explicitly address the narrow question presented in this case; i.e., whether a taxpayer's right to an administrative hearing in the Appeals Office and judicial review of the Appeals Office's determination is tied to the first Federal tax lien filed against the taxpayer or whether the taxpayer may defer and request an administrative hearing in respect of a later filed lien.

As noted earlier, respondent relies on section 301.6320-1(b)(1) and (2), Proced. & Admin. Regs., as authority for the proposition that a taxpayer must request an administrative hearing with respect to the first Federal tax lien that is filed in respect of unpaid tax for a particular taxable period.

Petitioner counters that section 301.6320-1(b)(1) and (2), Proced. & Admin. Regs., is an interpretative regulation promulgated under section 7805(a)[4] that is entitled to very little deference and, in any event, the regulation is inconsistent "with the letter and the spirit of Section 6320."

It is well settled that an interpretative Treasury Department regulation is valid if it implements a congressional mandate in a reasonable manner. See Natl. Muffler Dealers Association, Inc. v. United States, 440 U.S. 472, 476-477 (1979) (citing United States v. Cartwright, 411 U.S. 546, 550 (1973)). An interpretative Treasury Department regulation is reasonable under Natl. Muffler Dealers Association, Inc. v. United States, supra, if it "harmonizes with the plain language of the statute, its origin, and its purpose." Id. at 477; see also United States v. Vogel Fertilizer Co., 455 U.S. 16, 26 (1982).

As previously discussed, the language of section 6320 does not address explicitly the precise point we must decide in this case. Where a statute is ambiguous or silent, we may look to the statute's legislative history to determine congressional intent. See, e.g., Burlington N. R.R. v. Okla. Tax Commn., 481 U.S. 454, 461 (1987). In this case, Congress directly addressed the question at issue in the legislative history underlying section

---

[4] Sec. 7805(a) provides in pertinent part that "the Secretary shall prescribe all needful rules and regulations for the enforcement of this title".

6320.  Specifically, H. Conf. Rept. 105-599, at 265, 1998-3 C.B. 747, 1019, under the heading "Liens", states in pertinent part:

> The conference agreement generally follows the Senate amendment, except that taxpayers would have a right to a hearing after the Notice of Lien is filed. The IRS would be required to notify the taxpayer that a Notice of Lien had been filed within 5 days after filing.  During the 30-day period beginning with the mailing or delivery of such notification, the taxpayer may demand a hearing before an appeals officer who has had no prior involvement with the taxpayer's case. *  *  * <u>This hearing right applies only after the first Notice of Lien with regard to each tax liability is filed.</u> [Emphasis added.]

In short, the House conference report states that a taxpayer's right to an administrative hearing and judicial review under section 6320 arises only with respect to the first lien that is filed for a particular tax liability.

Where, as here, Congress has directly spoken to the precise question at issue, and the intent of Congress is clear, that is the end of the matter.  Inasmuch as section 301.6320-1(b)(1) and (2), Proced. & Admin. Regs., reiterates a procedural principle that was unambiguously articulated by Congress in the legislative history of section 6320, the regulation is valid and controlling in this case.  See <u>Walliser v. Commissioner</u>, 72 T.C. 433, 439 (1979) (sustaining the validity of section 1.274-2(b), Income Tax Regs., where the regulation was "squarely based on the language of the legislative history of section 274").

F.  <u>Conclusion</u>

There is no dispute that, although petitioner received notice of the lien that respondent filed in Florida in October 2002, petitioner did not submit to respondent a request for an administrative hearing.  Consistent with section 301.6320-1(b)(1) and (2), Proced. & Admin. Regs., respondent's Appeals Office was not obliged to (and did not) provide petitioner with an administrative hearing under section 6320 when petitioner subsequently sought to challenge the Illinois lien filed in February 2003.  See <u>Prakasam v. Commissioner</u>, T.C. Memo. 2006-53. It is well settled that respondent may not waive the statutory period in which a taxpayer must request an administrative hearing under sections 6320 and 6330.  See <u>Kennedy v. Commissioner</u>, 116 T.C. 255, 262 (2001).  The Appeals Office conducted an equivalent hearing and issued to petitioner a decision letter.  The decision letter in question does not constitute a notice of determination that would permit petitioner to invoke the Court's jurisdiction under section 6320.  See, e.g., <u>id.</u> at 263.  Accordingly, we are obliged to dismiss this case for lack of jurisdiction.

To reflect the foregoing,

<u>An Order of Dismissal for</u>

<u>Lack of Jurisdiction will be</u>

<u>entered</u>.