T.C. Memo. 2006-86

UNITED STATES TAX COURT

LLOYD PRAGASAM, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12636-04L.          Filed April 25, 2006.

William E. Windham, for petitioner.

Alan J. Tomsic, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioner filed a petition in response to respondent's Decision Letter Concerning Equivalent Hearing under Section 6320 and/or

6330 of the Internal Revenue Code (Decision Letter).[1]  The issue for decision is whether the Court lacks jurisdiction under sections 6320 and 6330 with regard to the years in issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time he filed the petition, petitioner resided in Loma Linda, California.

I.  1995

On April 15, 1999, respondent sent petitioner a notice of deficiency addressed to petitioner at his last known address, 11767 Knightsbridge Place, Loma Linda, CA 92354, determining petitioner owed an income tax deficiency of $185,480 and a penalty under section 6662(a) in the amount of $37,096 for the 1995 tax year.  Petitioner did not respond to the notice of deficiency by petitioning the Tax Court within 90 days from April 15, 1999.

On August 30, 1999, respondent assessed the additional 1995 tax liability, along with penalties and interest, and mailed notice and demand to petitioner at his last known address.  On March 1, 2000, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.

6320 with respect to the 1995 tax year. Petitioner did not timely request a hearing in response to the March 1, 2000, notice.

II. 1996 and 1997

On July 13, 2000, respondent sent petitioner a notice of deficiency addressed to petitioner at his last known address, 11767 Knightsbridge Place, Loma Linda, CA 92354, determining petitioner owed an income tax deficiency for 1996 of $172,587, a penalty under section 6662(a) for 1996 in the amount of $34,517.40, an income tax deficiency for 1997 of $219,010, an addition to tax under section 6651(a) for failure to file a return for 1997 within the time prescribed by law in the amount of $10,942.05, and a penalty under section 6662(a) for 1997 in the amount of $43,802.

Petitioner did not respond to the notice of deficiency by petitioning the Tax Court within 90 days from July 13, 2000. On December 18, 2000, respondent assessed the additional 1996 and 1997 tax liabilities, along with penalties and interest, and mailed notice and demand regarding the unpaid 1996 and 1997 tax liabilities to petitioner at his last known address.

On March 19, 2001, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 with respect to the 1996 and 1997 tax years. Petitioner did

not timely request a hearing in response to the March 19, 2001, notice.

III.  1995, 1996, and 1997

On November 6, 2003, respondent issued a Notice of Federal Tax Lien Filing-Nominee, Transferee or Alter-Ego (Nominee Lien) to Renaissance Health Systems LLC (Renaissance) in connection with the 1995, 1996, and 1997 tax liabilities of petitioner.  On November 6, 2003, respondent also issued a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 to petitioner in connection with the 1995, 1996, and 1997 tax liabilities.

On or about December 5, 2003, Renaissance Health Systems LLC (Nominee, Transferee, or Alter-Ego, Lloyd A. Pragasam)[2] submitted a Form 12153, Request for a Collection Due Process Hearing, setting forth disagreement with the filed Notice of Federal Tax Lien.  On February 25, 2004, the Appeals Office held a hearing with petitioner's representatives.

On June 14, 2004, respondent issued a Decision Letter Concerning Equivalent Hearing under Section 6320 and/or 6330 of the Internal Revenue Code to petitioner.  On July 14, 2004, petitioner mailed a petition to this Court setting forth his disagreement with the Decision Letter.

---

[2]  In light of our resolution of the case, we need not address respondent's argument that this entity had no rights to its own collection hearing or equivalent hearing.

The Decision Letter stated in part: "Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330."

Respondent filed a motion to dismiss for lack of jurisdiction. Petitioner filed an objection to respondent's motion to dismiss. Respondent filed a supplement to the motion to dismiss for lack of jurisdiction. Petitioner filed a supplemental objection to the motion to dismiss.

The Court held a hearing on respondent's motion to dismiss for lack of jurisdiction.

                              OPINION

The parties dispute whether petitioner is entitled to a collection hearing. Respondent argues that this Court should dismiss the case for lack of jurisdiction as petitioner did not file a timely hearing request in response to each first Notice of Federal Tax Lien filed for tax years 1995, 1996, and 1997. Petitioner argues that he did not receive the March 1, 2000, or the March 19, 2001, notice, that the first notice regarding his 1995, 1996, and 1997 liabilities that he received was in November 2003, and he requested a hearing in response to that notice.

I.  Last Known Address

Sections 6320(a) and 6330(a) provide in pertinent part that the Secretary shall notify a person in writing of his or her right to an Appeals Office hearing regarding the Secretary's filing of a notice of lien under section 6323 or the Secretary's intent to levy, respectively, by mailing the notice required by section 6320(a) or section 6330(a), as the case may be, by certified or registered mail to such person at his or her last known address.  The regulations under sections 6320 and 6330 reference section 301.6212-2, Proced. & Admin. Regs., to define "last known address".  Secs. 301.6320-1(a)(1), 301.6330-1(a)(1), Proced. & Admin. Regs.  Under section 6212, in general, the Commissioner is entitled to treat the address on a taxpayer's most recent tax return as the taxpayer's last known address, unless the taxpayer has given "'clear and concise notification of a different address.'"  Orum v. Commissioner, 123 T.C. 1, 8 (2004) (quoting Kennedy v. Commissioner, 116 T.C. 255, 260 n.4 (2001)), affd. 412 F.3d 819 (7th Cir. 2005).

Petitioner's Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 1995, 1996, and 1997, indicate that the notices of Federal tax liens were filed in March 2000, March 2001, and March 2001, respectively.  The Forms 4340 are sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and

assessments that have been made.  Id.  Further, respondent submitted copies of these notices of Federal tax liens, listing a certified mail number, the letter dates, and the date of filing.

We also note that the address on the copies of the notices of Federal tax liens is "11767 Knightsbridge PL, Loma Linda, CA 92354-4160."  This is the address petitioner listed on his 1995, 1996, and 1997 tax returns.  On the basis of the record, we find that the address used for the March 1, 2000, and March 19, 2001, notices was petitioner's last known address.

The only evidence that petitioner presented is petitioner's testimony that he did not receive the notices.  The Court need not accept at face value a witness's testimony that is self-interested or otherwise questionable.  See Archer v. Commissioner, 227 F.2d 270, 273 (5th Cir. 1955), affg. a Memorandum Opinion of this Court; Weiss v. Commissioner, 221 F.2d 152, 156 (8th Cir. 1955), affg. T.C. Memo. 1954-51; Schroeder v. Commissioner, T.C. Memo. 1986-467.

II.  Collection Hearing

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323.  Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period.

Section 6320(b)(2) states that a taxpayer shall be entitled to only one hearing with respect to the taxable period to which the unpaid tax relates. Taxpayers are entitled to this hearing only if they request administrative review of the matter within the 30-day period following the receipt of the first notice of lien with regard to the unpaid tax. Sec. 301.6320-1(b)(2), Q&A-B4, Proced. & Admin. Regs.;[3] <u>Investment Research Associates, Inc. v. Commissioner</u>, 126 T.C. __ (2006); see also <u>Orum v. Commissioner</u>, <u>supra</u> (reaching the same conclusion in a levy case). Congress further specified in the conference report for the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, that the right to a hearing "applies only after the first Notice of Lien with regard to each tax liability is filed." H. Conf. Rept. 105-599, at 265 (1998), 1998-3 C.B. 747, 1019.

On March 1, 2000, and March 19, 2001, respondent sent petitioner notices of Federal tax liens at his last known

---

[3] Sec. 301.6320-1(b)(2), Q&A-B4, Proced. & Admin. Regs., states:

Q-B4. If the IRS sends a second CDP Notice under section 6320 (other than a substitute CDP Notice) for a tax period and with respect to an unpaid tax for which a section 6320 CDP Notice was previously sent, is the taxpayer entitled to a section 6320 CDP hearing based on the second CDP Notice?

A-B4. No. The taxpayer is entitled to a CDP hearing under section 6320 for each tax period only with respect to the first filing of a NFTL on or after January 19, 1999, with respect to an unpaid tax.

address.  Petitioner did not request a hearing within the 30-day filing period required by section 6320(a)(3).

Under the circumstances, respondent was not obliged to conduct a collection hearing pursuant to sections 6320 and 6330. Investment Research Associates, Inc. v. Commissioner, supra; Orum v. Commissioner, supra at 11.  In place of the collection hearing, the Appeals Office granted petitioner an equivalent hearing for 1995, 1996, and 1997.  Thereafter, the Appeals Office issued a decision letter to petitioner stating that the proposed collection actions were sustained.  The decision letter does not constitute a notice of determination under sections 6320(c) and 6330(d)(1), which would provide a basis for petitioner to invoke the Court's jurisdiction for 1995, 1996, and 1997.  See Moorhous v. Commissioner, 116 T.C. 263, 270 (2001); Kennedy v. Commissioner, 116 T.C. 255, 263 (2001).

In discussing whether the decision letter in this case constitutes a determination, the parties address Craig v. Commissioner, 119 T.C. 252 (2002).  We differentiated Craig v. Commissioner, supra, in Orum v. Commissioner, supra at 11-12, a case similar to the instant case, by stating:

> This case is distinguishable from Craig v. Commissioner, 119 T.C. 252 (2002), in which we held that we had jurisdiction under section 6330(d)(1) when the Appeals Office issued a decision letter to the taxpayer.  Id. at 259.  In Craig, the Commissioner mailed to the taxpayer a notice of intent to levy on February 22, 2001.  Id. at 254.  On March 17, 2001, the taxpayer timely requested a section 6330 hearing by

mailing the Commissioner a letter accompanied by unsigned Forms 12153. <u>Id.</u> at 255. On May 6, 2001, the Commissioner received signed Forms 12153 but granted the taxpayer only an equivalent hearing. <u>Id.</u> at 255-256. A decision letter was then issued to the taxpayer following the equivalent hearing. <u>Id.</u> at 256. The Court held that "where Appeals issued the decision letter to petitioner in response to his timely request for a Hearing, we conclude that the 'decision' reflected in the decision letter issued to petitioner is a 'determination' for purposes of section 6330(d)(1)." <u>Id.</u> at 259. * * *

In the instant case, as in <u>Orum</u>, petitioner did not timely request a collection hearing in response to the March 1, 2000, and March 19, 2001, notices. As a result, we do not conclude that the decision in the decision letter is a determination for purposes of sections 6320(c) and 6330(d)(1). <u>Orum v. Commissioner</u>, <u>supra</u> at 12.

We shall grant respondent's motion to dismiss for lack of jurisdiction as to 1995, 1996, and 1997 because the petition was not filed in response to a notice of determination sufficient to confer jurisdiction on the Court under sections 6320(c) and 6330(d)(1).

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.