T.C. Memo. 2006-197

UNITED STATES TAX COURT

GREGORY T. MAYS and NADINE KING-MAYS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14559-04.                    Filed September 14, 2006.

Gregory Mays and Nadine King-Mays, pro se.

<u>Meredyth Purdy</u>, for respondent.

MEMORANDUM OPINION

HOLMES, <u>Judge</u>:  Gregory Mays and his wife, Nadine, refuse to
use Social Security numbers in claiming dependency exemptions for
their five minor children.  The Commissioner refuses to allow
them those exemptions unless they do.  But the case arrives as a
challenge to the Commissioner's effort to collect the Mayses'
unpaid taxes, and the Commissioner argues that we don't have to
settle any arguments about using Social Security numbers because

the Mayses waited too long to raise the issue.

### Background

As one can see from this table, the Mayses only twice filed their returns on time for the five years at issue in this case:

| Year | Date filed | Assessment date |
|------|-----------|-----------------|
| 1999 | 11/11/03 | 1/5/04 |
| 2000 | 1/17/03 | 4/28/03 |
| 2001 | 1/17/03 | 2/24/03 |
| 2002 | 1/17/03 | 4/28/03 |
| 2003 | 4/15/04 | 5/31/04 |

The Commissioner nevertheless chose not to audit even the tardy returns, accepting each as filed and assessing the tax shown plus a failure-to-timely-file addition to tax for the 1999-2002 tax years.

For each of these years other than 2003, the Mayses had underpaid their taxes. The Commissioner decided to use his authority to collect those unpaid taxes by using a combination of liens and levies. He mailed the required notices, and the Mayses exercised their right to ask for collection due process (CDP) hearings for each year--including their 2003 year, for which they received no collection notice because they owed no unpaid tax.

The IRS held a consolidated hearing for all the years on June 30, 2004. Mr. Mays used the hearing to contest their liabilities--arguing that he and his wife shouldn't have to pay

as much as the IRS said, because they should have received dependency exemptions for their children. During the hearing, Mr. Mays explained that he wanted the IRS to give his children ITINs--individual taxpayer identification numbers--instead of having them use Social Security numbers. The appeals officer presiding at the hearing demurred; because the Mays children were eligible for Social Security numbers, he concluded they could not be issued ITINs.[1] The Mayses asked for a final determination at the hearing so they could petition this Court to decide whether the Commissioner was right.

The appeals officer quickly accommodated them. The Mays, then as now residents of Texas, timely filed a petition and then agreed to submit the case for decision on stipulated facts.

### Discussion

Once the Commissioner assesses a tax, he is allowed to collect any unpaid portion of it by filing liens against, and levying on, a taxpayer's property. But first (with some exceptions that aren't present here), he has to notify the taxpayer whose property he wants to take. He does this with

---

[1] Sec. 301.6109-1(a)(1)(ii)(A) and (B), Proced. & Admin. Regs. The regulations also provide that anyone "who is duly assigned a social security number or who is entitled to a social security number will not be issued an IRS individual taxpayer number." Sec. 301.6109-1(d)(4), Proced. & Admin. Regs.; see Miller v. Commissioner, 114 T.C. 511, 519 (2000); Cansino v. Commissioner, T.C. Memo. 2001-134; Davis v. Commissioner, T.C. Memo. 2000-210.

notices on a standard form--the CDP Notice--telling the taxpayer that he has filed a Notice of Federal Tax Lien (NFTL) or intends to issue a Notice of Intent to Levy (NIL).

The Code gives taxpayers who are sent a CDP Notice a right to a CDP hearing before the IRS can use a lien or levy to collect the unpaid taxes. The timing of a request is important. Section 6320(a)(2)[2] tells the Commissioner to send the CDP Notice warning of a NFTL "not more than 5 business days after the day of the filing of the notice of lien." Section 6320(a)(3)(B) goes on to state that the CDP Notice must tell a taxpayer of his right to request a CDP hearing "*during* the 30-day period beginning on the day after the 5-day period described in paragraph (2)." (Emphasis added.)

The timing of requests for a hearing after receiving a CDP Notice warning of an NIL is similar. Section 6330(a)(2) states that such a CDP Notice must be mailed "not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period." The same section then says that the CDP Notice must tell the taxpayer of his right "to request a hearing *during* the 30-day period under paragraph (2)." Sec. 6330(a)(3)(B) (emphasis added).

All is not lost for one who fails to meet the deadline for

---

[2] All section references are to the Internal Revenue Code.

requesting a CDP hearing. A tardy taxpayer may still ask for an "equivalent hearing." The IRS considers the same issues at an equivalent hearing that it would have considered at a CDP hearing, and follows the same procedures. But an equivalent hearing leads to the issuance of a decision letter, not a notice of determination, and this Court has no jurisdiction to review decision letters. See generally Investment Research Assocs., Inc. v. Commissioner, 126 T.C. 183 (2006); sec. 301.6320-1(i), Proced. & Admin. Regs.

Putting the dates of the CDP Notices for NILs and NFTLs, and the dates that the Mayses made their requests for a hearing, in tabular form makes the procedural problems in this case easy to see:

| Year | CDP Notice-NIL | CDP Notice-NFTL | CDP hearing request |
|------|------|------|---------------------|
| 1999 | 4/3/04 | None | 11/2/03 |
| 2000 | 10/17/03 | 8/20/03 | 11/2/03 |
| 2001 | 5/26/03 | 8/20/03 | 11/2/03 |
| 2002 | 10/17/03 | 8/20/03 | 11/2/03 |
| 2003 | None | None | 11/2/03 |

We begin with the ends of this range. We lack jurisdiction over the 2003 tax year because the Mayses owe no taxes for that year, and the Commissioner has taken no collection action against them. See Lister v. Commissioner, T.C. Memo. 2003-17. We lack jurisdiction over the 1999 tax year because, as we held in Andre v. Commissioner, 127 T.C. ___ (2006), premature CDP requests are ineffective. They can not lead to the issuance of a valid notice

of determination, and so we can have no jurisdiction to review the Commissioner's determination to issue an NIL for the Mayses' 1999 tax year.

The Mayses' requests for CDP hearings for 2000-2002 are also defective, not because they were too early, but because they were too late.  For the 2001 tax year, they waited too long before requesting a CDP hearing--whether one calculates the time from the date of the CDP Notice warning them of the NIL or the date of the CDP Notice warning them of the NFTL.  The IRS issued them only a decision letter, not a notice of determination, and so we clearly have no jurisdiction.  See Investment Research, 126 T.C. at 191.

For each of the remaining years--2000 and 2002--we have jurisdiction to review the Commissioner's determination to sustain his NILs, but the Mayses have another procedural problem. Their only ground for challenging the Commissioner's collection effort was the IRS's refusal to reduce their taxes by granting them dependency exemptions for their five children.  In the jargon of CDP law, they were challenging "the existence or amount of the underlying liability" for those two tax periods.  Sec. 6330(c)(2)(B).  That law is clear, however, that a taxpayer may make such a challenge if, but only if, he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."

Id.

The problem for the Mayses is that they had *already* been sent CDP Notices that warned them of NFTLs for 2000 and 2002 back on August 20, 2003. This was well before November 2, 2003, when they requested a CDP hearing on the NILs. The regulation dictates the result:

> Where the taxpayer previously received a CDP Notice under section 6320 [i.e., a NFTL] with respect to the same tax and tax period and did not request a CDP hearing with respect to that earlier CDP Notice, the taxpayer already had an opportunity to dispute the existence or amount of the underlying tax liability.

Sec. 301.6330-1(e)(3), A-E7, Proced. & Admin. Regs. By not timely requesting a CDP hearing after receiving the NFTLs for 2000 and 2002, they lost their right to challenge their tax liability for those years after receiving the NILs.

An appropriate order in favor of respondent will be entered.