T.C. Memo. 2020-19

UNITED STATES TAX COURT

HUBERT W. CHANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 307-18L.            Filed January 29, 2020.

Hubert W. Chang, pro se.

<u>David Lau</u> and <u>Trent D. Usitalo</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>: Petitioner sought a collection due process (CDP) review

for various tax years from 1999 to 2014 on the basis of notifications received from

respondent. <u>See</u> secs. 6320, 6330.[1] Respondent filed a motion to dismiss for lack

_____

[1]All section references are to the Internal Revenue Code in effect for all

(continued...)

[*2] of jurisdiction upon the ground that no notice of determination under either section 6320 or 6330 was sent to petitioner for the taxable years 1999 through 2010 or 2014. Respondent further contends that no other notification with respect to those years was sent to petitioner from which he could have timely sought a CDP hearing that would confer jurisdiction upon this Court.

Petitioner contends that he did mail two letters within 30 days of a lien notice and a levy notice, requesting CDP hearings. Respondent counters that both of petitioner's letters were received after the 30-day period allowed and that neither of the envelopes containing petitioner's letters was postmarked. The sole question presented for our consideration is whether petitioner's letters were mailed within the 30-day period. For reasons set forth in this opinion, we will grant respondent's motion to dismiss for lack of jurisdiction.

Background

Petitioner seeks review of respondent's proposed collection action with respect to his tax liabilities for 1999 through 2010 and 2014. Petitioner previously petitioned this Court with respect to a notice of determination concerning the filing of a notice of tax lien for tax years 1996 through 2002. See Chang v.

---

[1](...continued)
relevant times.

[*3] Commissioner, T.C. Memo. 2007-100. He would accordingly be precluded from disputing the notice of tax lien filing for those years in this proceeding. See sec. 6320(b)(2).

On October 6, 2015, respondent filed a notice of Federal tax lien (lien notice) with respect to petitioner's 1999-2003, 2008-10, and 2014 tax years. A Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing, was sent to petitioner on October 6, 2015, advising that he had to request a CDP hearing by November 13, 2015. The period expired without a request for a hearing.

On January 12, 2016, respondent mailed to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice). Petitioner was advised that respondent would be initiating a collection action under section 6330 with respect to petitioner's 2003 and 2008 outstanding tax liabilities. In the levy notice petitioner was notified that he had 30 days to request a CDP hearing. The 30-day period within which to request a hearing expired on Thursday, February 11, 2016. Petitioner contends that he and his tax adviser each mailed a properly addressed Form 12153, Request for a Collection Due Process or Equivalent Hearing, on February 11, 2016. Respondent did not physically receive

**[*4]** the requests until Tuesday, February 16, 2016.  Mail was not delivered on Sunday, February 14, or Monday, February 15, 2016, President's Day.

Petitioner mailed requests for a hearing with respect to the lien notice and the levy notice in separate envelopes:  One contained his request with respect to the lien filing covering tax years 1999 through 2010, and the other contained his request with respect to the levies regarding the 2003 and 2008 tax years.  The two envelopes had postage stamps, but neither bore a postmark.  Respondent received both letters on Tuesday, February 16, 2016, as reflected by respondent's date received stamps on the envelopes.

On November 30, 2017, the Internal Revenue Service Appeals Office issued two Letters 3210, Decision Letter on Equivalent Hearing Under Internal Revenue Code Sections 6320 and/or 6330:  one concerning liens and levies for 2003 and 2008 and the other concerning liens for 2009 and 2010.  Petitioner did not list 2014 in his request for a CDP hearing, and it was not mentioned in respondent's Letters 3210.  On January 4, 2018, petitioner timely filed a petition in which he contested the Appeals Office determination that he did not timely file his requests for CDP hearings.  The envelope in which his petition was mailed to the Court was postmarked December 29, 2017.  Petitioner resided in Hawaii when his petition was filed.

**[*5]**                                     Discussion

The issue under consideration is whether this Court has jurisdiction over petitioner's case.  It is petitioner's burden to show that this Court has jurisdiction. David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001).  In order to show that the Court has jurisdiction, petitioner must show that he timely requested CDP hearings with respect to the determination notices.  See sec. 6330(d) (and regulations thereunder).

Petitioner has contended that he timely mailed his CDP hearing requests for a hearing, i.e., on February 11, 2016.  Petitioner's trial testimony, however, was contradictory with respect to the date on which he had mailed them.  Petitioner testified that he mailed them on Friday, February 12, 2016.  When questioned about that date, petitioner testified that he may have been in error about the date of mailing.  Ultimately, he testified that he was certain that he mailed or deposited the envelopes in a mailbox at the Waialae, Kahala, Post Office on February 12, 2016.  Corroborating the February 12 date is a private postmarked envelope from petitioner's tax adviser.  In that envelope petitioner's adviser also sent a request for a hearing on petitioner's behalf.  See Baldwin v. United States, 921 F.3d 836 (9th Cir. 2019) (holding that extrinsic evidence cannot be used to prove timely mailing where there is no postmark).

**[*6]**    Petitioner's two envelopes, bearing first-class postage stamps, were addressed to "1099 Alakea Street, 12th Floor, MS: H1202, Honolulu, Hawaii 96813". He mailed them in a box at his local post office in Waialae, Kahala. The envelopes were taken by the U.S. Postal Service (USPS) to the main post office at the Honolulu, Hawaii, airport for sorting and delivery. Respondent called Ikaika Bright, a witness from the USPS whose expertise, among other things, is reading the USPS barcodes that are machine printed on envelopes upon arrival at a postal facility. Mr. Bright was the plant manager of the main office in Honolulu.

Mr. Bright explained that upon arrival at the Honolulu main airport postal facility an envelope receives a barcode which is printed on it by a computerized mail processing machine. The barcode represents a serial number that identifies the time and date an envelope is received in the facility. The barcodes on petitioner's two envelopes reflected that they were received early on Saturday morning, February 13, 2016, between 12 a.m. and 12:29 a.m. On the basis of his experience, Mr. Bright opined that the envelopes were probably mailed on February 12, 2016.

Initially, we note that petitioner did not receive a notice of determination with respect to either the lien or the levy notice because he did not timely request a hearing. That would normally be necessary for this Court to take jurisdiction

**[\*7]** under section 6330.  See Inv. Research Assocs., Inc. v. Commissioner, 126 T.C. 183, 187 (2006) (and cases cited threat).  Where a person does not timely request a hearing with respect to a determination, the Commissioner may hold what has been denominated an "equivalent hearing".  See secs. 301.6320-1(i)(1), 301.6330-1(i)(1), Proced. & Admin. Regs. (regarding the filing a notice of tax lien and intent to levy, respectively).

If an equivalent hearing is held and the Commissioner issues a decision letter, that letter does not constitute a notice of determination under section 6330(d)(1).  This Court has held that a decision letter was sufficient to allow us to take jurisdiction where the taxpayer had timely requested a determination and the Commissioner erroneously held that the request was insufficient.  In that situation the Commissioner had issued a decision rather than a determination letter, and this Court held that it was sufficient for us to take jurisdiction.  Craig v. Commissioner, 119 T.C. 252, 258 (2002).

Although petitioner did not timely request a hearing, respondent provided him with an equivalent hearing and there was extensive discussions of the merits and possibilities for alternatives, such as an offer-in-compromise or a payment plan.  On November 30, 2017 (more than a year after the issuance of the lien and levy notices), petitioner was sent an equivalent hearing decision letter discussing

**[*8]** the extensive exchanges between him and respondent and stating that he had not timely requested hearings from lien and levy notices during 2016. Shortly thereafter, on January 4, 2018, petitioner sought this Court's review of respondent's decision letters. The November 30 decision letter is not equivalent to a determination from which we could take jurisdiction upon the filing of a petition for review. The decision letter is not the result of a determination resulting from a section 6320 or 6330 hearing. That is so because petitioner's request for a hearing was untimely.

On brief petitioner argued that it is possible that his requests were mailed on February 11, 2016, and that there could have been delays. He suggests that the USPS could have misplaced the requests or that they were delayed in the process of pickup from his local post office to the main processing facility in Honolulu. There have been instances where delay or other infirmities in the mail service have been shown, but in this instance it is purely speculation on petitioner's part. To his detriment petitioner testified that he mailed the requests on February 12, 2016, one day late. Petitioner laments that it was only one day late and that the Court should take the initiative to provide him with a hearing. Sadly, we are unable to grant petitioner's wish under these circumstances.

**[*9]** To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.