T.C. Memo. 2007-111

UNITED STATES TAX COURT

DORIS LEE NEWSOME, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21831-05L.          Filed April 30, 2007.

Doris Lee Newsome, pro se.

<u>Michelle L. Maniscalco</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on respondent's
motions to dismiss for lack of jurisdiction under Rule 53 and for
summary judgment under Rule 121.

Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

Respondent's motion to dismiss is based on the contention that petitioner's request for a section 6320 Appeals Office hearing was untimely.

Respondent's motion for summary judgment is based on the contention that petitioner has not raised in her petition any appropriate issue.

## Background

At the time the petition was filed, petitioner resided in Staten Island, New York.

On December 14, 1995, a nontax judgment of foreclosure was entered relating to petitioner's home, and in March of 1996 a foreclosure sale of petitioner's home occurred. On June 10, 1998, petitioner was evicted from a subsequent home and later moved to her current address. At the time, petitioner did not inform respondent of her current address.

For 1996, petitioner did not timely file an individual Federal income tax return.

With wage and discharge of indebtedness income (relating to the above foreclosure sale) reported to respondent by third parties, respondent prepared for petitioner a substitute 1996 individual Federal income tax return reflecting a total tax liability of $24,629.

Based on the substitute return prepared by respondent, on December 22, 1998, respondent mailed to petitioner (at the home

address from which petitioner had been evicted in June of 1998) a notice of deficiency relating to petitioner's 1996 Federal income tax liability reflecting the $24,629 tax deficiency. Petitioner states that she did not receive this notice of deficiency until years later.

On May 31, 1999, respondent assessed against petitioner the above $24,629 1996 tax deficiency.

On November 16, 1999, respondent mailed to petitioner (again at the home address from which petitioner had been evicted in June of 1998) a section 6330 levy notice relating to the 1996 tax deficiency that respondent had assessed. On November 29, 1999, respondent's levy notice was returned as undeliverable.

On June 17, 2002, respondent mailed to petitioner at petitioner's current address, and petitioner received, a second section 6330 levy notice relating to petitioner's 1996 assessed and unpaid $24,629 tax deficiency. In response thereto, petitioner contacted respondent and requested a copy of respondent's notice of deficiency to petitioner for 1996.

At some point in June or July of 2002, respondent remailed to petitioner, and petitioner received, a copy of respondent's above notice of deficiency to petitioner for 1996.

On June 30, 2002, in response to respondent's June 17, 2002, second levy notice relating to petitioner's 1996 unpaid above tax

deficiency, petitioner requested a section 6330 hearing with respondent's Appeals Office.

Respondent's Appeals Office denied petitioner's request as untimely, but petitioner and respondent's Appeals Office nevertheless conducted what respondent treated as an equivalent hearing wherein petitioner and respondent's Appeals officer discussed the issue as to the taxability of discharge of indebtedness income relating to the 1996 foreclosure sale of petitioner's home and petitioner's 1996 Federal income tax liability. At this hearing, respondent's Appeals Office invited petitioner to file her own 1996 individual Federal income tax return.

On December 23, 2003, respondent mailed to petitioner's current address an adverse decision letter relating to the above hearing. In the letter, the Appeals Office sustained respondent's proposed levy and explained that petitioner had been given an opportunity during the equivalent hearing, and had been requested, to submit to respondent's Audit Reconsideration Program an individual Federal income tax return for 1996 (as well as other overdue individual Federal income tax returns that petitioner had not yet filed).

Petitioner did not file an action in this Court or in a District Court with regard to respondent's December 23, 2003, adverse decision letter, in which petitioner might have argued

that the decision letter should be treated as a notice of determination with respect to which judicial review of the underlying tax deficiency might have been available.[1]

On November 4, 2004, respondent filed a notice of Federal tax lien (NFTL) relating to the $24,629 tax deficiency against petitioner for 1996 that respondent had assessed.  On November 5, 2004, respondent mailed to petitioner at petitioner's current address a section 6320 lien notice relating to the above NFTL, in which respondent indicated a December 13, 2004, deadline for receipt from petitioner of a section 6320 Appeals Office hearing request.

In response to respondent's November 5, 2004, lien notice, on December 8, 2004, petitioner mailed to respondent by overnight mail a request for an Appeals Office hearing.  On December 9, 2004, respondent received petitioner's above request.

From January to October 2005, in connection with respondent's November 4, 2004, NFTL, respondent held an Appeals

---

[1]Arguably, if respondent's Nov. 16, 1999, levy notice was not mailed to petitioner's last known address, petitioner's July 8, 2002, request for an Appeals Office hearing should have been treated as timely, and a regular sec. 6330 Appeals Office hearing should have been held, not an equivalent hearing.  See sec. 301.6330-1(i), Proced. & Admin. Regs. (explaining when an equivalent hearing is to be held).

In Craig v. Commissioner, 119 T.C. 252 (2002), we treated a decision letter from an equivalent hearing, which should have been treated as a regular sec. 6330 hearing, as a notice of determination for purposes of allowing our review of respondent's Appeals Office determination.

Office hearing with petitioner in which petitioner raised only the issue as to the includability in her income of alleged discharge of indebtedness income.

On September 13, 2005, petitioner untimely filed with respondent her 1996 individual Federal income tax return showing a refund due to petitioner.

On October 21, 2005, respondent mailed to petitioner a notice of determination sustaining respondent's NFTL. In the notice of determination, however, respondent's Appeals Office explained that respondent's Audit Reconsideration Program is willing to examine petitioner's untimely filed 1996 individual Federal income tax return and to make appropriate adjustments, if any, to petitioner's tax liability as previously determined by respondent.

On November 18, 2005, petitioner timely filed the instant action challenging only respondent's notice of determination sustaining respondent's NFTL relating to the $24,629 1996 tax deficiency respondent had assessed against petitioner. In her petition, petitioner raises only the issue as to the includability in her income for 1996 of discharge of indebtedness income relating to the foreclosure sale of her home.

## Discussion

Motion To Dismiss for Lack of Jurisdiction

Because we may proceed only if we have jurisdiction, Raymond v. Commissioner, 119 T.C. 191, 193 (2002), we first address respondent's motion to dismiss for lack of jurisdiction. Respondent's motion to dismiss is based on alleged untimeliness of petitioner's request for an Appeals Office hearing relating to respondent's November 4, 2004, NFTL.

Generally, our jurisdiction to review respondent's collection activity under section 6320 is predicated upon respondent's issuance of a notice of determination, a taxpayer's timely filed petition, and our jurisdiction over the underlying type of tax involved. Andre v. Commissioner, 127 T.C. 68, 70 (2006); Inv. Research Associates v. Commissioner, 126 T.C. 183, 187, 191 (2006); Lunsford v. Commissioner, 117 T.C. 159, 161 (2001); Offiler v. Commissioner, 114 T.C. 492, 497-498 (2000); sec. 301.6320-1(f)(1), Proced. & Admin. Regs.[2]

Respondent argues that petitioner on December 8, 2004, more than 30 days after respondent's November 5 lien notice to petitioner, untimely requested the section 6320 Appeals Office hearing and that, due to petitioner's untimely hearing request,

_____

[2]After Oct. 16, 2006, determinations made under secs. 6320 and 6330 are appealable only to the Tax Court regardless of the underlying type of tax involved. Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019.

the hearing that was held with petitioner relating to respondent's NFTL should be treated as an equivalent hearing and that the Court should now treat respondent's October 21, 2005, notice of determination only as a nonreviewable decision letter from an equivalent hearing.

Respondent's argument confuses the period in which a taxpayer may timely request an Appeals Office hearing under section 6320 with the period in which a taxpayer may timely request an Appeals Office hearing under section 6330. Both periods are 30 days long. However, the start dates for the two 30-day periods are different.

Under section 6320 relating to an NFTL, the 30-day period in which a taxpayer may timely request an Appeals Office hearing begins on the day after the 5th business day after the date on which the NFTL was filed. Sec. 6320(a)(2) and (3)(B); sec. 301.6320-1(c)(1) and (2), Q&A-C3, Proced. & Admin. Regs.

Under section 6330 relating to a proposed levy on a taxpayer's property, the 30-day period in which a taxpayer may timely request an Appeals Office hearing begins on the day after the date of mailing by respondent of the proposed levy notice. Sec. 6330(a)(3)(B); Andre v. Commissioner, 127 T.C. at 71.

Section 301.6320-1(c)(2), Q&A-C3, Proced. & Admin. Regs., explains the distinction in these 30-day periods as follows:

Q-C3.  When must a taxpayer request * * * [an Appeals Office] hearing with respect to a * * * [lien notice] issued under section 6320?

A-C3.  A taxpayer must submit a written request for * * * [an Appeals Office hearing under section 6320] within the 30-day period that commences the day after the end of the five business day period following the filing of the NFTL.  Any request filed during the five business day period * * * will be deemed to be filed on the first day of the 30-day period.  The period for submitting a written request for * * * [an Appeals Office] hearing with respect to a * * * [notice] issued under section 6320 is slightly different from the period for submitting a written request for * * * [an Appeals Office] hearing * * * under section 6330.  For a * * * [notice] issued under section 6330, the taxpayer must submit a written request for [an Appeals Office] hearing within the 30-day period commencing the day after the date of the [levy notice]. [Emphasis added.]

Because respondent filed its NFTL on November 4, 2004, and because the 5th business day after November 4, 2004, was November 12, 2004 (not taking into account Saturday, November 6, Sunday, November 7, and Veteran's Day November 11, 2004), the 30-day period for petitioner to request an Appeals Office hearing under section 6320 began the day after November 12, 2004, and ended on Monday, December 13, 2004 (not taking into account Sunday, December 12, 2004).  Accordingly, petitioner's December 8, 2004, request for an Appeals Office hearing in connection with respondent's November 4, 2004, NFTL was timely by 5 days.

Based on the above, we need not address the question as to whether respondent's Appeals Office's adverse October 21, 2005,

notice of determination relating to petitioner's appeal of respondent's NFTL would authorize our jurisdiction to review respondent's adverse determination even if petitioner's request for an Appeals Office hearing were untimely.[3]

We deny respondent's motion to dismiss petitioner's petition relating to respondent's November 4, 2004, NFTL.

Motion for Summary Judgment

When no material fact remains at issue, we may grant summary judgment for the party entitled to judgment as a matter of law. Rule 121(b); Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 75-76 (2004), affd. on other grounds 404 F.3d 1291 (11th Cir. 2005).

In deciding whether respondent is entitled to judgment as a matter of law, we view factual inferences in the light most favorable to petitioner. Speltz v. Commissioner, 124 T.C. 165 (2005), affd. on other grounds 454 F.3d 782 (8th Cir. 2006).

Generally, a taxpayer who received a valid notice of deficiency for the year in issue or who otherwise had a prior opportunity to dispute the underlying tax liability may not, in a subsequent section 6320 Appeals Office hearing and in subsequent

---

[3]In Kim v. Commissioner, T.C. Memo. 2005-96, respondent's improper issuance of a notice of determination, instead of a decision letter that should have been issued in connection with an untimely request for a sec. 6330 hearing, served as the basis for our jurisdiction.

related litigation in this Court, challenge the underlying tax liability.  Secs. 6320(c), 6330(c)(2)(B); <u>Lewis v. Commissioner</u>, 128 T.C. __, __ (2007) (slip op. at 24); <u>Sego v. Commissioner</u>, 114 T.C. 604, 610-611 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 182-183 (2000); sec. 301.6320-1(e)(1), Proced. & Admin. Regs.

Thus, where a taxpayer has received a prior lien or levy notice under section 6320 or section 6330 which could have been appealed to respondent's Appeals Office, relating to the same year and the same underlying tax liability as is involved in a subsequent lien or levy notice, the taxpayer is treated with regard to the subsequent lien or levy notice as already having had a prior opportunity to dispute the underlying tax liability. Sec. 301.6320-1(e)(3), Q&A-E2, Q&A-E7, Proced. & Admin. Regs.

Section 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs., explains as follows:

> An opportunity to dispute a liability includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability.

After requesting and receiving a copy of respondent's notice of deficiency, at petitioner's equivalent hearing with respondent's Appeals Office relating to respondent's June 17, 2002, second levy notice, petitioner discussed and disputed with respondent's Appeals Office her alleged discharge of indebtedness

income and her underlying 1996 individual Federal income tax liability.

Petitioner argues that she did not receive respondent's notice of deficiency in December of 1998 and therefore that she now should be able to contest her 1996 underlying Federal income tax liability. Even if respondent improperly mailed the notice of deficiency, and even if petitioner did not receive the notice of deficiency when it originally was mailed to her, when petitioner participated in the Appeals Office equivalent hearing relating to respondent's June 17, 2002, second levy notice, petitioner did have an opportunity to, and in fact did, discuss and dispute with respondent's Appeals Office her underlying tax liability. Accordingly, petitioner may not now, in connection with respondent's November 4, 2004, NFTL, contest that underlying tax liability.

Because petitioner raises no other arguments relating to the NFTL, we shall grant summary judgment in favor of respondent relating to respondent's November 4, 2004, NFTL and respondent's October 21, 2005, notice of determination.

For the reasons stated, we shall deny respondent's motion to dismiss, and we shall grant respondent's motion for summary judgment.

<u>An appropriate order will be entered</u>.