T.C. Memo. 2012-40

UNITED STATES TAX COURT

GEORGE JAMES GOWEN AND MARYALICE MURTAGH GOWEN,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18571-10L.                    Filed February 13, 2012.

George James Gowen and MaryAlice Murtagh Gowen, pro sese.

S. Mark Barnes, Marion K. Mortensen, and Inga C. Plucinski, for
respondent.

## MEMORANDUM OPINION

SWIFT, Judge:  This collection due process (CDP) case is now before us on respondent's oral motion for summary judgment.

On April 4, 2011, this case was called for trial in Salt Lake City, Utah. Petitioners appeared and were heard.[1]

For 2003 and 2004 petitioners timely filed with respondent joint Federal income tax returns on which they claimed large losses (for 2003 a bad debt loss of $1,342,000 and for 2004 a net operating loss of $1,179,533).

After an audit respondent mailed to petitioners via certified mail separate timely notices of deficiency relating to petitioners' Federal income taxes for 2003 and 2004 in the respective amounts of $69,036 and $7,554, plus additions to tax. Respondent mailed the notices to petitioners' then-current home address. Respondent's determined tax deficiencies were based on, among other adjustments, the disallowance for lack of substantiation of the above large losses claimed on petitioners' Federal income tax returns.

Petitioners did not file a petition in this Court in response to the above notices of deficiency.

---

[1]At the time of filing their petition, petitioners resided in Utah.

Respondent timely assessed deficiencies in petitioners' Federal income taxes for 2003 and 2004 in the respective amounts of $69,036 and $7,554, plus additions to tax. Petitioners have not paid any portion of these tax deficiencies.

With regard to these deficiencies, petitioners requested of respondent audit reconsideration, a request that respondent granted. On audit reconsideration, respondent did not make any further adjustment and sustained the disallowance of the large loss deductions claimed on petitioners' 2003 and 2004 tax returns and the above tax deficiency assessments and additions to tax.

On or about July 5, 2007, respondent mailed to petitioners a notice of Federal tax lien filing with regard to the above assessed tax deficiencies and additions to tax.

On July 27, 2007, petitioners timely filed a CDP hearing request regarding the Federal tax lien filing. During the CDP hearing that was held petitioners challenged the underlying disallowance of the loss deductions claimed on their 2003 and 2004 tax returns and the tax deficiencies respondent had determined and assessed. Petitioners did not raise any other issues, and they did not propose any collection alternatives.

During the CDP hearing before respondent's Office of Appeals, respondent's settlement officer verified that the requirements of applicable law

and administrative procedure had been met and balanced the need for efficient collection of taxes with the legitimate concern that the lien be no more intrusive than necessary. See sec. 6330(c)(3).[2]

Respondent's Office of Appeals sustained the filing of the Federal tax lien against petitioners relating to the 2003 and 2004 Federal income tax deficiencies.

Respondent now moves for summary judgment on the grounds that no material fact is in dispute and that the proposed Federal tax lien should be sustained as a matter of law. Petitioners seek only to challenge the correctness of their underlying tax liability for 2003 and 2004 as determined and assessed by respondent.

In a CDP hearing before respondent's Office of Appeals, as well as in a CDP case in this Court, taxpayers may not challenge the underlying tax liability if they have had a prior opportunity to challenge the underlying tax liability on receipt of a notice of deficiency. See secs. 6320(b)(4), 6330(c)(2)(B); Goza v. Commissioner, 114 T.C. 176 (2000); Newsome v. Commissioner, T.C. Memo. 2007-111; Bailey v. Commissioner, T.C. Memo. 2005-241; sec. 301.6320-1(e)(3), Proced. & Admin. Regs. Upon receipt of respondent's notice of deficiency

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

relating to petitioners' Federal income taxes for 2003 and 2004, petitioners had such an opportunity.

Accordingly, we sustain respondent's notice of Federal tax lien filing regarding petitioners' unpaid 2003 and 2004 Federal income tax deficiencies and additions to tax as determined and assessed against petitioners by respondent, and we will grant respondent's motion.

An appropriate order and decision will be entered.