T.C. Memo. 2016-239

UNITED STATES TAX COURT

SAM T. JEWELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25467-12L.                    Filed December 29, 2016.

<u>David J. Looby</u>, for petitioner.

<u>Ann Louise Darnold</u>, for respondent.

MEMORANDUM OPINION

KERRIGAN, <u>Judge</u>:  The petition in this case was filed in response to a

Notice of Determination Concerning Collection Action(s) under Section 6320

and/or 6330 (notice of determination) dated September 12, 2012.  The notice of

determination sustained the filing of a notice of Federal tax lien (NFTL) dated

**[*2]** July 5, 2011, in Garvin County, Oklahoma, regarding petitioner's unpaid section 6672 trust fund penalty liabilities for taxable periods ending December 31, 2004, June 30, September 30 and December 31, 2008, March 31, June 30, September 30, and December 31, 2009, and March 31, 2010 (tax periods at issue). Petitioner does not dispute the underlying section 6672 trust penalty liabilities for the tax periods at issue.

The issues for consideration are: (1) whether we have jurisdiction to review the July 5, 2011, NFTL filed in Garvin County with respect to petitioner's unpaid 2006 income tax liability; (2) whether we have jurisdiction to review other NFTLs filed in other Oklahoma counties on July 5, 2011, regarding petitioner's same foregoing unpaid section 6672 trust fund penalty liabilities; and (3) whether respondent's determination to sustain the NFTL filed in Garvin County regarding petitioner's unpaid section 6672 trust fund penalty liabilities for the periods at issue was an abuse of discretion.

Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**                                    Background

This case was fully stipulated under Rule 122.  The stipulated facts are incorporated in our findings by reference.  Petitioner resided in Murray County, Oklahoma, when he timely filed his petition.  Petitioner does not own any other residences in Oklahoma.

Petitioner's Background

Petitioner is the sole shareholder of numerous subchapter S corporations (S corporations) which operate nursing home facilities in the following Oklahoma counties:  Cleveland, Garvin, Kingfisher, Logan, Murray, Oklahoma, Pittsburg, Seminole, and Stephens.  During 2011, except for his personal residence in Murray County, petitioner did not hold record title in his own name as to any other real property located in these Oklahoma counties.  Petitioner owned a commercial building in Carter County, Oklahoma, by way of his 100% stock ownership interest in Western Hills Residential Retirement Care Center, Inc.  Record title to that building was not held in petitioner's name.  On April 16, 2012, petitioner, by way of his 100% stock ownership interest in Seminole Nursing Home, Inc., purchased a commercial building in Seminole County.  Record title to that building was not held in petitioner's name.

[*4]    Petitioner, through his wholly owned S corporation Lindsay Manor Nursing Home, Inc., operated a nursing home facility in Garvin County, Oklahoma.  The property on which that facility is located is leased from an unrelated partnership.  The initial five-year term of that lease covered from January 1, 2005, through December 31, 2011.

The NFTLs

For the tax periods at issue respondent determined that petitioner was liable for trust fund penalty liabilities pursuant to section 6672 with respect to unpaid employment tax liabilities owed by several of his nursing homes.  On July 5, 2011, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320, informing petitioner that an NFTL had been filed in Garvin County, (Garvin County NFTL), at 8 a.m. on that day regarding his unpaid trust fund penalty liabilities for the tax periods at issue and his unpaid 2006 income tax liability.  As of June 24, 2011, the date when the Garvin County NFTL was prepared and executed, petitioner's unpaid trust fund penalty liabilities totaled over of $1.88 million.

On July 12, 2011, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing.  Petitioner requested a collection due process (CDP) hearing to be conducted in person and stated that he could not

[*5] pay the balance and was seeking an offer-in-compromise. Petitioner's request included an attachment explaining that petitioner owned no real property in Garvin County, Oklahoma.

On July 5, 2011, respondent also filed other NFTLs in the following Oklahoma counties: Cleveland, Kingfisher, Logan, Murray, Oklahoma, Pittsburg, Seminole, and Stephens (additional NFTLs). These additional NFTLs were all filed after 9 a.m. on that day and covered petitioner's same unpaid trust fund penalty liabilities that were the subject of the Garvin County NFTL. On July 14, 2011, respondent received from petitioner another Form 12153 requesting a separate CDP hearing for each additional NFTL. Each of petitioner's additional CDP hearing requests was mailed by petitioner on July 12, 2011, and received by respondent on July 14, 2011.

On July 6, 2012, a settlement officer sent petitioner a letter explaining that he did not qualify for a CDP hearing for his 2006 individual income tax liability because an NFTL regarding his unpaid 2006 income tax liability had been filed on March 2, 2010, in Fannin County, Texas. On July 31, 2012, petitioner's representative sent a letter to the settlement officer stating that he agreed that petitioner could not challenge the original NFTL filed on March 2, 2010, but

**[\*6]** contended that petitioner could challenge his 2006 income tax liability, which was covered by the Garvin County NFTL.

Petitioner's CDP Hearing

On July 25, 2012, a settlement officer sent petitioner a letter informing him that his CDP hearing request was received and that he would call petitioner's representative on August 16, 2012, at 10 a.m. The letter requested the following information: a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; copies of petitioner's last three months' bank statements and canceled checks; verification of three attempts to secure financing; proof of payment of estimated taxes for the periods ending December 31, 2011 and 2012; a proposal to resolve the outstanding liabilities; and documentation supporting any issues petitioner might want to discuss. Petitioner's counsel responded to the settlement officer's letter and explained that petitioner did not seek a collection alternative but intended to challenge the appropriateness of the NFTLs filed in counties where petitioner did not own real property at the time the NFTLs were filed.

On August 16, 2012, a telephone CDP hearing was held between the settlement officer and petitioner's representative. Petitioner's representative did

[*7] not challenge the existence or amount of the underlying liabilities. Rather, petitioner's representative challenged the validity of the NFTL filings.

The settlement officer and petitioner's representative agreed to have another conference call the following week on August 22, 2012, and in the interim, petitioner's representative would provide the settlement officer with additional information supporting petitioner's contentions. Petitioner's representative sent the settlement officer a letter enclosing materials supporting petitioner's argument that the NFTL filings were not valid. During their telephone conference call on August 22, 2012, petitioner's representative told the settlement officer that the multiple NFTLs filed in various Oklahoma counties were creating problems for petitioner with bankers and the media. The settlement officer responded that the NFTLs were supposed to put the public on notice as to the Government's claim for unpaid taxes against petitioner.

On September 12, 2012, respondent issued a notice of determination sustaining the Garvin County NFTL filing. In the notice of determination the settlement officer confirmed that he had verified that all requirements of applicable law and administrative procedure had been met. He denied petitioner's request for withdrawal of the NFTL. The settlement officer noted: "Although the filing of a[n] NFTL in a location, other than those designated by the State may be

**[*8]** unnecessary and considered overkill, there is no prohibition or restriction in filing NFTLs in other locations." The attachment also states that "the filing of the NFTLs was necessary and in accordance with legal and procedural requirements, thereby balancing the Government's need to efficiently collect the tax liability with * * * [petitioner's] legitimate concerns of intrusiveness."

On October 15, 2012, petitioner timely filed a petition contending that the NFTL filings were based on numerous errors. Petitioner did not dispute the underlying liabilities in his petition.

On June 29, 2014, petitioner filed a petition with the United States Bankruptcy Court for the Eastern District of Oklahoma pursuant to 11 U.S.C. chapter 11. On July 1, 2014, this Court ordered that pursuant to 11 U.S.C. sec. 362(a)(8), all proceedings were automatically stayed. On October 6, 2016, the Court ordered that the automatic stay of proceedings in this case was lifted.

## Discussion

### I. Federal Tax Lien

The Federal Government obtains a Federal tax lien against the property and rights to property, whether real or personal, of a taxpayer with an outstanding tax liability whenever a demand for payment has been made and the taxpayer neglects or refuses to pay. Sec. 6321; Iannone v. Commissioner, 122 T.C. 287, 293 (2004).

**[*9]** Section 6320(a)(1) requires the Secretary to provide written notice to a taxpayer when the Secretary has filed an NFTL against the taxpayer's property and property rights.  See also sec. 6323.  Section 6323(f) contemplates that the Commissioner will file separate NFTLs if a taxpayer owns real property in more than one State, and the Commissioner may file separate NFTLs in different counties or other governmental subdivisions within a State, as designated by the laws of the State.  See, e.g., Inv. Research Assocs., Inc. v. Commissioner, 126 T.C. 183, 189 (2006).

The Secretary must also notify the taxpayer of his or her right to a CDP hearing.  Sec. 6320(a)(3).  Section 6320(b)(2) imposes a qualification on subsection (b)(1) by providing:  "A person shall be entitled to only one hearing under this section with respect to the taxable period to which the unpaid tax specified in subsection (a)(3)(A) relates."

A taxpayer who fails to make a timely request for a CDP hearing is not entitled to a CDP hearing.  Sec. 301.6320-1(b)(1) and (2), Proced. & Admin. Regs.  Section 301.6320-1(b)(2), Q&A-B1, Proced. & Admin. Regs., provides that "[i]f the taxpayer does not timely request a CDP hearing with respect to the first filing of a[n] NFTL * * * the taxpayer forgoes the right to a CDP hearing with Appeals and judicial review of the Appeals determination with respect to the NFTL."

**[*10]** Section 6330(c)(3) requires the settlement officer to consider the following during a CDP hearing: (1) whether the requirements of any applicable law or administrative procedure have been met, (2) any issues appropriately raised by the taxpayer, and (3) whether the collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. See also sec. 6320(c); Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. See also Roberts v. Commissioner, 118 T.C. 365, 371-372 n.10 (2002), aff'd per curiam, 329 F.3d 1224 (11th Cir. 2003). The settlement officer is not required to give the taxpayer a copy of the verification that the requirements of an applicable law or administrative procedure have been met. See Nestor v. Commissioner, 118 T.C. 162, 166 (2002).

If the taxpayer requests a CDP hearing, the hearing is conducted by an impartial officer or employee of the Appeals Office. Sec. 6320(b). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action. Secs. 6320(c), 6330(c)(2). Once the settlement officer makes a

**[*11]** determination, the taxpayer may appeal the determination to this Court. Secs. 6320(c), 6330(d)(1).

II.     Standard of Review

Where the validity of the underlying tax liability is properly at issue, we review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews administrative determinations by the Internal Revenue Service Appeals Office regarding nonliability issues for abuses of discretion. Hoyle v. Commissioner, 131 T.C. 197 (2008); Goza v. Commissioner, 114 T.C. at 182. Petitioner does not challenge the underlying liabilities and therefore the standard of review is abuse of discretion.

When the standard of review is abuse of discretion, we consider whether the Appeals Office's determination was arbitrary, capricious, or without sound basis in fact or law. See, e.g, Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F. 3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). The Court does not conduct an independent review and substitute its judgment for that of the settlement officer. Murphy v. Commissioner, 125 T.C. at 320. Rather, if the settlement officer follows all statutory and administrative guidelines and provides a reasoned, balanced decision, the Court will not reweigh

**[\*12]** the equities.  Link v. Commissioner, T.C. Memo. 2013-53, at \*12.  When faced with a question of law, the standard of review makes no difference because we must reject erroneous views of the law.  Kendricks v. Commissioner, 124 T.C. 69, 75 (2005).

III.   Scope of Review

Respondent contends that the Court should consider the administrative record only when the standard of review is abuse of discretion and therefore not admit Exhibits 57-J through 60-J.  The Court has previously held that it is not required to apply a limited standard of review and may accept evidence outside the administrative record in CDP cases.  See Robinette v. Commissioner, 123 T.C. 85, 101 (2004), rev'd, 439 F.3d 455 (8th Cir. 2006); see also Murphy v. Commissioner, 125 T.C. at 313.  The broad scope of review in Robinette is not controlling in the First, Eighth, and Ninth Circuits.  See Dalton v. Commissioner, 682 F.3d 149 (1st Cir. 2012), rev'g 135 T.C. 393 (2010); Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009), aff'g in part as to this issue T.C. Memo. 2006-166; Robinette v . Commissioner, 439 F.3d 455.  The Court of Appeals for the

**[*13]** Tenth Circuit has not specifically addressed this issue. Our review will not be limited to the administrative record.[1]

Petitioner contends that Exhibits 56-J through 60-J are relevant even though they are not part of the administrative record. Petitioner further contends that Exhibit 56-J is relevant to his income tax liability for 2006, and Exhibits 57-J through 60-J are relevant to demonstrate his residence and the financial impact of the filing of the NFTLs. Respondent contends that these Exhibits should not be admitted because they are not part of the administrative record. Exhibits 56-J through 60-J are admitted.

Respondent contends that Exhibits 47-J through 55-J should be admitted. These exhibits are account transcripts of petitioner's trust fund penalty liabilities for the tax periods at issue. Petitioner contends that these transcripts were not provided during the CDP hearing or as part of the administrative record. These

---

[1]Before the enactment of sec. 7482(b)(1)(G), the venue for collection due process cases not involving a redetermination of tax liability was the Court of Appeals for the District of Columbia Circuit. Byers v. Commissioner, 740 F.3d 668, 675-677 (D.C. Cir. 2014), aff'g T.C. Memo. 2012-27. Sec. 7482(b)(1)(G) is effective for petitions filed after December 18, 2015. See Protecting Americans From Tax Hikes Act of 2015 Act, Pub. L. No. 114-113, sec. 423(a)(i)-(3),129 Stat. at 3123-3124. Because the petition in this case was filed before December 12, 2015, sec. 7482(b)(1)(G) does not apply.

[*14] exhibits confirm the amounts of the underlying liabilities, which are not in dispute. Therefore, Exhibits 47-J through 55-J will not be admitted.

IV.    Petitioner's Unpaid 2006 Income Tax Liability

Section 301.6320-1(b)(1), Proced. & Admin. Regs., provides in part: "A taxpayer is entitled to one CDP hearing with respect to the first filing of a[n] NFTL (on or after January 19, 1999) for a given tax period or periods with respect to the unpaid tax shown on the NFTL if the taxpayer timely requests such a hearing." A taxpayer who fails to make a timely request for a CDP hearing is not entitled to a CDP hearing. Id. para. (i).

Respondent filed the first NFTL regarding petitioner's 2006 unpaid income tax liability on March 2, 2010, in Fanning County, Texas. Petitioner did not timely request a CDP hearing. The only assessment made on petitioner's 2006 income tax account after to March 2, 2010, was accruals of additional statutory penalties for failure to pay the tax liability pursuant to section 6651(a)(2), and fees and collection costs. This assessment did not provide petitioner the opportunity to request a CDP hearing. See id. para.(d)(2), Q&AD-1. Furthermore, the notice of determination did not include the 2006 unpaid tax liability. See sec. 6330(d). We do not have jurisdiction over the 2006 unpaid income tax liability. See Inv. Research Assocs., Inc. v. Commissioner, 126 T.C. at 191.

[*15] V.    <u>Multiple NFTLs Filed on July 5, 2011, as to Petitioner's Unpaid Trust Fund Penalty Liabilities</u>

Section 6320(a)(1) requires the Commissioner to give written notice to a taxpayer when an NFTL is filed under section 6323.  Section 6323(f)(1) contemplates the filing of separate NFTLs in multiple States or counties.  Section 6320(b) provides that a person shall be entitled to only one hearing with respect to the taxable period for which an NFTL is filed.  However, the statute does not explicitly address whether a taxpayer's right to an administrative hearing in the Appeals Office and judicial review of the Appeal Office's determination is tied to the first NFTL filed against the taxpayer.

Pursuant to section 301.6320-1(b)(1) and (2), Proced. & Admin. Regs., petitioner is entitled to a hearing with respect to the first NFTL that is filed regarding the unpaid tax for a particular period.  Section 6320 does not address explicitly whether the right to an administrative hearing and judicial review is tied to the first filed NFTL.  Where a statute is ambiguous or silent, we look to the legislative history to determine congressional intent.  <u>See, e.g.</u>, <u>Burlington N.R.R. Co. v. Okla. Tax Comm'n</u>, 481 U.S. 454, 461 (1987).  Congress addressed this as follows in H.R. Conf. Rept. No. 105-599, at 265 (1998), 1998-3 C.B. 747, 1019:

> The conference agreement generally follow the Senate amendment, except that taxpayers would have a right to a hearing after the Notice

**[\*16]** of Lien is filed. The IRS would be required to notify the taxpayer that a Notice Lien had been filed within 5 days afer filing. During the 30-day period beginning with mailing or delivery of such notification, the taxpayer may demand a hearing before an appeals officer who has had no prior involvement with the taxpayer's case. * * * This hearing right applies only after the first Notice of Lien with regard to each tax liability is filed.

The House conference report states that a taxpayer's right to an administrative hearing and judicial review under section 6320 arises only with respect to the first NFTL that is filed for a particular tax liability. Inv. Research Assocs., Inc. v. Commissioner, 126 T.C. at 190.

The settlement officer did not abuse his discretion by limiting the hearing to the Garvin County NFTL. All the NFTLs were filed on the same day. However, the Garvin County NFTL was filed at 8 a.m., and all additional NFTLs were filed subsequently, after 9 a.m. Each NFTL covered the same unpaid trust fund penalty liabilities totaling over of $1.88 million owed by petitioner for the tax periods at issue. Petitioner is entitled to only one hearing pursuant to section 6320, and it is proper that the Garvin County NFTL be the subject of the hearing and determination. We do not have jurisdiction to consider the additional NFTL filings. See sec. 301.6320-1(b)(1), Proced. & Admin. Regs.

**[*17]** VI.    <u>Garvin County NFTL</u>

Petitioner contends that the Garvin County NFTL should be withdrawn because he does not own property in Garvin County, Oklahoma.  Section 6321 imposes a lien upon all "property and rights to property, whether real or personal, belonging" to a taxpayer who has failed to pay taxes properly assessed against him.  It is well settled that the foregoing provision "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have."  See <u>Drye v. United States</u>, 528 U.S. 49, 56 (1999) (quoting <u>United States v. Nat'l Bank of Commerce</u>, 472 U.S. 713, 719-720 (1985)).  Such a lien reaches, inter alia, property held by a third party if that third party is holding property as a nominee or alter ego of the delinquent person.  See <u>G.M. Leasing Corp. v. United States</u>, 429 U.S. 338, 350-351 (1977); <u>Holman v. United States</u>, 505 F. 3d 1060, 1065 (10th Cir. 2007); <u>Spotts v. United States</u>, 429 F. 3d 248, 251 (6th Cir. 2005); <u>United States v. Stinson</u>, 386 F. Supp. 2d 1207, 1217-1218 (W.D. Okla. 2005).

Unlike the taxpayer in <u>Dalton v. Commissioner</u>, T.C. Memo. 2008-165 (a proposed levy case, which we remanded to the Appeals Office to create a proper record as to whether the Commissioner's assertion of an interest in the property in question was proper, taking into account both State law and a Federal-factor

**[*18]** analysis), petitioner asserts that the Garvin County NFTL is invalid because he owned no property in that county. During the administrative proceeding, in response to the settlement officer's questions as to what property petitioner owned and where it was, including questions as to possible "nominee property, alter ego property or any other co-mingled [sic] property", petitioner responded that the settlement officer was raising a "new issue". Hence, petitioner relies solely upon his lack of record title to any property, real or personal, in Garvin County, because he owned property in that county through his wholly owned S corporation.

Petitioner is the sole shareholder of numerous S corporations which operate nursing home facilities throughout Oklahoma, including the nursing home facility business which petitioner and his S corporation Lindsay Manor Nursing Home, Inc., operate in Garvin County. We conclude that it was not an abuse of discretion for respondent to sustain the Garvin County NFTL. That NFTL was filed to protect the Government's interests because petitioner operates a nursing home facility in that county through his S corporation. During their telephone conference on August 22, 2012, upon inquiry by the settlement officer, petitioner's representative refused to elaborate and provide the settlement officer with further information as to whether petitioner's S corporation might be considered

[*19] petitioner's nominee or alter ego.  Petitioner continued to assert that he directly held no personal or real property in that county.

The record establishes that respondent's determination to sustain the Garvin County NFTL filing and refusal to withdraw the NFTL was reasonable.  An NFTL is filed to protect the Government's interests.  Petitioner's S corporation leases the premises upon which the nursing home facility business is conducted.  The initial term of that lease was from January 1, 2005, through December 31, 2011.  The S corporation as a nominee or person holding property of the taxpayer is not entitled to a CDP hearing.  Sec. 301.6320-1(b)(2), Q&A-B5, Proced. & Admin. Regs.; see, e.g., Stinson, 386 F. Supp. 2d at 1218-1219 (noting that Oklahoma law recognizes the alter ego or nominee doctrine; concluding trusts to be alter egos or nominees of taxpayer and that taxpayer was beneficial owner of various parcels of real estate).  However, it may have an opportunity to assert its ownership and to litigate that question in an appropriate forum.  See, e.g., Dalton v. Commissioner, 682 F.3d at 159 n.5.

A.     Balancing Efficient Tax Collection Against Need To Minimize Intrusiveness

Petitioner contends that the settlement officer abused his discretion by failing to balance the need for efficient tax collection against the need to minimize

[*20] intrusiveness to petitioner. Petitioner further contends that the NFTLs had a devastating financial impact. Petitioner provided a newspaper article about the NFTLs but did not produce evidence that showed a financial impact. Section 6330(c)(3)(C) requires the settlement officer to balance any proposed collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. We find that the settlement officer did not abuse his discretion.

B.      Impartial Hearing

Petitioner contends that his CDP hearing was not fair and impartial. Section 6320(b)(3) provides that "[a] hearing under this subsection shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax specified in subsection (a)(3)(A) before the first hearing under this section or section 6330." The settlement officer had no prior involvement in petitioner's tax matters for the tax periods at issue. See Cox v. Commissioner, 514 F.3d 1119 (10th Cir. 2008), rev'g 126 T.C. 237 (2006).

Petitioner contends that the settlement officer had predetermined that there was no restriction on filing NFTLs in counties where a taxpayer may not own property. There is no indication that the settlement officer did not give petitioner an opportunity to present his arguments. There was a followup call after the initial

**[*21]** CDP hearing, and the settlement officer reviewed additional material that petitioner's counsel submitted. We find that petitioner received a fair and impartial CDP hearing.

C.      Withdrawing or Sustaining the NFTL

Petitioner requests that the NFTLs be withdrawn. We have jurisdiction to consider only whether respondent's determination to sustain the Garvin County NFTL, the county addressed in respondent's notice of determination, was an abuse of discretion. See Orum v. Commissioner, 123 T.C. 1, 10-12 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005). Section 6323(j)(1) provides:

> In general.--The Secretary may withdraw a notice of lien filed under this section and this chapter shall be applied as if the withdrawn notice has not been filed, if the Secretary determines that--
>
>> (A) the filing of such notice was premature or otherwise not in accordance with administrative procedures of the Secretary,
>>
>> (B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provides otherwise,
>>
>> (C) the withdrawal of such notice will facilitate the collection of the tax liability, or
>>
>> (D) with the consent of the taxpayer or the National Taxpayer Advocate, the withdrawal of such notice would be in

[*22]    the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States.

Petitioner contends that the Garvin County NFTL was not in accordance with the law, and that issue was addressed above. Petitioner submitted a newspaper article that discussed the NFTL but did not produce evidence establishing any devastating financial impact. Respondent did not determine that the withdrawal of the NFTL would facilitate the collection of petitioner's tax liabilities. The other circumstances are not an issue in this case. We find that respondent did not abuse his discretion in his decision not to withdraw the NFTL.

VII.    Conclusion

We conclude that the settlement officer's determination to sustain the NFTL filing in Garvin County was not an abuse of discretion. Any contention we have not addressed is irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.