# United States Tax Court

T.C. Memo. 2023-145

WARNER ENTERPRISES, INC.,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 17163-19L.                          Filed November 30, 2023.

————

*Richard L. Hunn* and *Jasper G. Taylor III*, for petitioner.

*Brooke N. Stan* and *Christina D. Sullivan*, for respondent.

## MEMORANDUM OPINION

KERRIGAN, *Chief Judge*:  The Petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) under IRC Section 6320[1] and/or 6330 (notice of determination) dated August 20, 2019, sustaining the filing of a Notice of Federal Tax Lien (NFTL) and proposed levy pertaining to an assessment, based on an affected items notice of deficiency dated October 13, 2017.

On August 22, 2022, the Court issued an opinion in this case, *Warner Enterprises, Inc. v. Commissioner* (*Warner I*), T.C. Memo. 2022-85, granting respondent's Motion for Partial Summary Judgment.  In that opinion the Court determined that, in the context of a TEFRA

____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] partnership,[2] compliance with section 6751(b) must be raised in a partnership-level proceeding, not in a partner's subsequent collection proceeding. We will not revisit any arguments on this point. After concessions,[3] the issues for consideration are whether the settlement officer properly verified respondent's mailing of the notice of deficiency and the notice and demand for payment under section 6303(a).[4]

## *Background*

This case was submitted fully stipulated under Rule 122.[5] The stipulated facts and facts drawn from the stipulated exhibits are incorporated herein by this reference. The opinion filed as *Warner I* is also incorporated.

Petitioner, a Delaware corporation, had its principal place of business in New York when the Petition was filed. Petitioner's proposed findings of fact provide a mailing address of 950 Third Avenue, Floor 22, New York, NY 10022. As discussed in *Warner I*, petitioner was a partner in AD Investment 2000 Fund, LLC (partnership), during the 2000 tax year.

On November 27, 2007, respondent issued a Notice of Final Partnership Administrative Adjustment for the partnership's 2000 tax year. That notice included various partnership-level determinations, which were litigated in this Court at Docket No. 9177-08. On December 14, 2016, the Court issued its opinion in that case, *AD Investment 2000*

---

[2] Before its repeal for tax years beginning after December 31, 2017, the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, §§ 401–407, 96 Stat. 324, 648–71, codified at sections 6221 through 6234, prescribed procedures for audit and litigation concerning returns filed by partnerships. The Commissioner followed these procedures in this case.

[3] Petitioner conceded its arguments regarding whether the settlement officer (1) was subject to the Appointments Clause of the U.S. Constitution and (2) abused his discretion in rejecting petitioner's offer-in-compromise.

[4] Although petitioner made challenges to various other aspects of the collection and the Internal Revenue Service (IRS) Independent Office of Appeals (Appeals) process, its case now focuses only on the two issues mentioned here and the section 6751(b) matter, which we have already ruled on and will discuss no further.

[5] Respondent objected to admission of Exhibits 37–44 because they are not part of the administrative record. Outside of the U.S. Courts of Appeals for the First, Eighth, and Ninth Circuits, our review is not confined to the administrative record. *See Robinette v. Commissioner*, 123 T.C. 85, 101 (2004), *rev'd*, 439 F.3d 455 (8th Cir. 2006); *Jewell v. Commissioner*, T.C. Memo. 2016-239, at *12–13. Exhibits 37–44 are therefore admitted into evidence.

[*3] *Fund LLC v. Commissioner*, T.C. Memo. 2016-226.[6] Respondent began collection actions against the partners of the partnership thereafter.

On June 26 and July 10, 2018, respondent issued petitioner a notice of filing of an NFTL and a notice of intent to levy, respectively, stemming from the partnership proceeding. On July 23, 2018, petitioner timely mailed Form 12153, Request for a Collection Due Process or Equivalent Hearing, in response to both notices. Petitioner attached to Form 12153 a statement alleging that it had never received the notice of deficiency for the purported tax liability for the affected items. On February 26, 2019, respondent mailed to petitioner a copy of the notice of deficiency for the affected items dated October 13, 2017, as well as two U.S. Postal Service Forms 3877, Firm Mailing Book For Accountable Mail.

The notice of deficiency shows a mailing address of 950 Third Avenue, Floor 22, New York, NY 10022. Submitted Postal Service Forms 3877 indicate that the notice of deficiency was mailed to floors 22 and 23 of the same address. Respondent's Case Activity Record (CAR) notes that the deficiency notice was mailed to an address on Floor 22; however, it was returned to respondent as "undeliverable, moved no address." The settlement officer nonetheless determined that the notice of deficiency was properly issued on the basis of the document itself and the Postal Service Forms 3877.

On May 29, 2019, petitioner mailed respondent a letter stating that while it did not contest the underlying liability, it disagreed that respondent had properly mailed petitioner the affected items notice of deficiency as well as the section 6303(a) notice and demand for payment. Petitioner asserted that respondent failed to comply with section 6303(a) because the first notice of the assessment petitioner received was dated May 7, 2018.

The parties filed stipulated Exhibit 36 consisting of a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, which provides a transcript of petitioner's account. This transcript contains transactional entries on February 20 and May 7, 2018, for the issuance of a statutory notice of balance due and a statutory notice of intent to levy, respectively.

---

[6] We incorporate that opinion as well.

**[\*4]** On June 25, 2019, respondent mailed a letter in response, indicating that even if the notice and demand for payment was not sent until May 7, 2018, the notice remained valid. On August 20, 2019, respondent issued the notice of determination to the same address indicated on the October 13, 2017, notice of deficiency. The notice of determination sustained the proposed collection by levy and the filing of the NFTL.

*Discussion*

I.    *Notice of Determination Review*

Section 6321 provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Generally, "the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed . . . is satisfied or becomes unenforceable by reason of lapse of time." § 6322. Section 6320 requires the Commissioner to notify a taxpayer of the filing of a notice of lien.

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within ten days after notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to make the levy. § 6331(d)(1).

In the case of either a lien or a levy, the notice must inform the taxpayer of his or her right to a collection due process (CDP) hearing on the propriety of the filing. §§ 6320(a)(3)(B), 6330(a)(1). If the taxpayer requests a CDP hearing, the hearing is conducted by IRS Appeals. §§ 6320(b)(1), 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action. § 6330(c)(2)(A). The taxpayer may challenge the existence or the amount of the underlying tax liability for any period only if they did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability. § 6330(c)(2)(B); *Sego v. Commissioner*, 114 T.C. 604, 609 (2000).

Petitioner asserts that it did not receive notice of deficiency and that it may contest the underlying liability in this proceeding. Section 6221 provides that the tax treatment of partnership items is determined at the partnership level. If a determination of partnership items in a

[*5] partnership-level proceeding is memorialized by final court decision, the underlying tax liability is conclusive to the extent it stems from that decision, and any further challenge to it is precluded. *Malone v. Commissioner*, 148 T.C. 372, 375 (2017). Here such a determination was made and memorialized in *AD Investment 2000*. Petitioner's underlying tax liability, which stems from the partnership proceeding, is therefore conclusive, and any further challenge is precluded.

Following the CDP hearing the settlement officer must determine whether proceeding with the proposed collection action is appropriate. In making that determination the settlement officer is required to take into consideration: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any relevant issues raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. § 6330(c)(3); *see also Lunsford v. Commissioner*, 117 T.C. 183, 184 (2001).

This Court may review the settlement officer's verification under section 6330(c)(1) without regard to whether the taxpayer raised it at the CDP hearing. §§ 6320(c), 6330(c)(1), (3)(A); *see also Hoyle v. Commissioner*, 131 T.C. 197, 202–03 (2008), *supplemented by* 136 T.C. 463 (2011). A settlement officer is required to base the notice of determination, in part, on the verification obtained under section 6330(c)(1) by ensuring that all legal requirements have been followed. *Hoyle*, 131 T.C. at 201–02; *see also* § 6330(c)(3).

II.    *Abuse of Discretion*

We review a settlement officer's determinations for abuse of discretion. *Sego*, 114 T.C. at 610. An abuse of discretion occurs if Appeals exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." *Woodral v. Commissioner*, 112 T.C. 19, 23 (1999). The Court does not conduct an independent review and substitute its judgment for that of the settlement officer. *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). If the Appeals officer follows all statutory and administrative guidelines and provides a reasoned, balanced decision, the Court will not reweigh the equities. *Link v. Commissioner*, T.C. Memo. 2013-53, at *12.

**[\*6]**   A.    *Deficiency Notice Mailing*

Per section 6212(a) and (b) respondent must send a deficiency notice to the taxpayer's last known address by certified mail or registered mail before it assesses liability for unpaid taxes.  Actual receipt of the notice by the taxpayer is not required to establish the validity of the assessment.  *See Ruddy v. Commissioner*, T.C. Memo. 2017-39, at \* 9, *aff'd per curiam*, 727 F. App'x 777 (4th Cir. 2018).  The IRS must prove it complied with the mailing requirement "by competent and persuasive evidence."  *Welch v. United States*, 678 F.3d 1371, 1378 (Fed. Cir. 2012).  If the IRS fails to prove that it properly mailed a deficiency notice, any tax assessment based on that notice is invalid. § 6213(a) (requiring the IRS to notify the taxpayer of a deficiency and permit timely petition for redetermination before assessing tax liability); *Hoyle*, 131 T.C. at 205.

Evidence of postal service forms certifying that a notice of deficiency has been mailed is highly probative and sufficient in the absence of contrary evidence.  *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984). Petitioner contends that the settlement officer did not properly verify that the notice of deficiency was correctly issued because he relied on an unsigned copy of the deficiency notice and the Postal Service Form 3877 documents.  Petitioner does not contest the validity of the deficiency notice itself.  Rather it argues that there is no mention in the account transcripts of the deficiency notice and furthermore that respondent failed to put forth any evidence on his procedures for preparing notices.

As petitioner itself notes, the deficiency notice need not be signed to be valid.  *See Commissioner v. Oswego Falls Corp.*, 71 F.2d. 673 (2d Cir. 1934), *aff'g* 26 B.T.A. 60 (1932).  The absence of transcript information, which "*may . . .* constitute[] an arguable irregularity," cannot serve as grounds to invalidate the assessment.  *See Ruddy*, T.C. Memo. 2017-39, at \*13 (emphasis added).  The "Court simply requires the [Commissioner] to establish his procedure for the mailing of such notices and to introduce evidence showing that such procedure was followed in the case before it."  *Cataldo v. Commissioner*, 60 T.C. 522, 524 (1973), *aff'd per curiam*, 499 F.2d 550 (2d Cir. 1974).

Given that this case was submitted under Rule 122, respondent did not have witnesses, as in *Cataldo*, to lay out in detail his procedures. Rather respondent introduced evidence—the deficiency notice and

[*7] Forms 3877—to show that his internal procedures were followed. Respondent is entitled to a rebuttable presumption of proper mailing.

Petitioner argues that it can rebut the presumption because the Postal Service Forms 3877 were not certified and the CAR indicates that the notice of deficiency was returned as undeliverable. Petitioner argues that *Pietanza v. Commissioner*, 92 T.C. 729 (1989), *aff'd*, 935 F.2d 1282 (3d Cir. 1991), supports its position. We disagree.

In *Pietanza*, 92 T.C. at 735, the Commissioner had misplaced the taxpayers' administrative file, could not supply a copy of the deficiency notice, and produced only an uncertified Form 3877. The Commissioner also failed to present any evidence of his mailing procedures. *Id.* We held then that the uncertified Form 3877 standing alone could not serve as proof of valid mailing. *Id.* at 742.

The facts of this case are different. Here respondent produced a copy of the deficiency notice that is addressed to the same location that was petitioner's principal place of business. Additionally, both Postal Service Forms 3877 are certified, date-stamped for October 13, 2017, and include tracking numbers. Taken together with the notice of deficiency, we believe that this evidence satisfies respondent's duty prescribed by section 6212(a).

We acknowledge that the CAR indicates that the deficiency notice was returned as undeliverable. But the statute merely requires that the notice be sent to the taxpayer's last known address, and petitioner does not dispute that the 950 Third Avenue address listed on the Forms 3877 was its last known address at the time. *See* Treas. Reg. § 301.6212-2(a) (defining "last known address" as "the address that appears on the taxpayer's most recently filed and properly processed Federal tax return"). Respondent's obligation is satisfied "even if the taxpayer does not actually receive the notice." *Cropper v. Commissioner*, 826 F.3d 1280, 1285 (10th Cir. 2016) (quoting *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992)), *aff'g* T.C. Memo. 2014-139. For that reason we find that the settlement officer properly verified compliance with section 6212(a) and did not abuse his discretion.

B.  *Notice and Demand Mailing*

Section 6303(a) provides that the Commissioner must "as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." The

[*8] notice must "be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address." § 6303(a).

Petitioner argues that at no point has it received the notice and demand for payment, and for that reason, the lien and levy are invalid. This is puzzling because Exhibit 13 includes a letter sent to the settlement officer dated May 29, 2019, wherein petitioner's counsel stated that "the first notice of th[e] assessment the Taxpayer received is dated May 7, 2018." Petitioner has therefore received a notice and demand for payment.

Petitioner further argues that even if it did receive a notice and demand for payment dated May 7, 2018, this violates the section 6303(a) mandate for the notice to be given within 60 days of the assessment. We have consistently held that the 60-day timeframe in section 6303 is not a hard deadline. *See Scott Lab., LLC v. Commissioner*, T.C. Memo. 2015-194, at *32 ("[T]his Court has treated notice that was provided more than 60 days after assessment (in some cases, *many years* after assessment) as satisfying, in whole or in part, the notice requirement of section 6303(a)." (Emphasis added.)); Treas. Reg. § 301.6303-1(a) (providing that "failure to give notice within 60 days does not invalidate the notice").

In any event notice and demand for payment appears to have been sent within 60 days as contemplated by the statute. As stated in the notice of determination, the settlement officer relied on respondent's "computer records" to verify that the section 6303(a) notice and demand for payment was first issued on February 20, 2018, the same day that the liability was assessed. This is confirmed by the Form 4340, which shows a transaction entry on February 20, 2018, for "Statutory Notice of Balance Due." A Form 4340 is simply a transcript containing data from an IRS master file associated with a particular taxpayer. *Hazel v. Commissioner*, T.C. Memo. 2008-134, 2008 WL 2095614, at *3.

Petitioner advances two arguments concerning our review of the settlement officer's reliance on digital account transcripts. First it suggests that the longstanding *Chenery* principle precludes our consideration of the Form 4340 because the settlement officer did not specifically review it in making his determination. The *Chenery* doctrine is an administrative law principle that requires courts reviewing administrative determinations to "judge the propriety of such action solely by the *grounds* invoked by the agency." *SEC v. Chenery Corp.*,

**[*9]** 332 U.S. 194, 196 (1947) (emphasis added) (explaining the holding in *SEC v. Chenery Corp.*, 318 U.S. 80 (1943)).

The *Chenery* doctrine does not apply. In this case respondent references the Form 4340 to support the same grounds on which the settlement officer made his determination that the notice and demand was properly issued. Hence, the Form 4340 is not precluded from our consideration as petitioner suggests.

Secondly petitioner argues that this electronic transcript cannot provide proper verification of the notice and demand requirement. We disagree. *See McLaine v. Commissioner*, 138 T.C. 228, 241 (2012) ("[I]t is well established that a Form 4340 or a computer printout of a taxpayer's transcript of account, absent a showing of irregularity, provides sufficient verification of the taxpayer's outstanding liability to satisfy the requirements of section 6330(c)(1) . . . ."). If transcripts are sufficient verification of a taxpayer's outstanding liability, they are also sufficient verification of providing notice. On that basis we find that the settlement officer did not abuse his discretion in verifying that section 6303(a) notice and demand for payment was made.

III. *Conclusion*

The settlement officer did not abuse his discretion in verifying that the affected items notice of deficiency was properly mailed nor in verifying that the section 6303(a) notice and demand for payment was made. We sustain respondent's filing of the NFTL and the proposed levy.

We have considered all of the arguments made and the facts presented, and to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate decision will be entered.*